## 31106. HARWELL v. THE STATE.

HALL, Justice.

Harwell appeals from her conviction for violating Code § 26-2021 which defines masturbation for hire (misdemeanor). She was fined $100. She contends that the trial court erred in overruling her attack on the constitutionality of the statute, and that the evidence was insufficient to support the conviction.

1. Code § 26-2021 provides: "A person, including a masseur or masseuse, commits masturbation for hire when he erotically stimulates the genital organs of another; whether resulting in orgasm or not, by manual or other bodily contact, exclusive of sexual intercourse, or by instrumental manipulation for money or the substantial equivalent thereof. A person committing masturbation for hire shall be guilty of a misdemeanor and, upon conviction, shall be punished as for a misdemeanor." Appellant contends that the statute is so broad that it gave her no warning that her conduct was illegal. We disagree. A proper construction of the statute shows that the crime is committed when a person for hire does the following acts — erotically stimulates the genital organs of another by (a) manual contact, (b) other bodily contact, or (c) instrumental manipulation, *of* the genital organs. As we read the statute, the contact or manipulation must be of the genital organs and not other parts of the body.

2. The evidence supports the verdict. The testimony was that during the nude massage the appellant's fingertips stroked the base of massagee's penis as well as his scrotum which resulted in an erection. At that moment the criminal act was complete.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED MAY 12, 1976 — DECIDED JULY 9, 1976.

*Glenn Zell,* for appellant.
*Hinson McAuliffe, Solicitor, Thomas R. Moran,*

*Hugh  E.  Smith,  Jr.,  Assistant  Solicitors,* for appellee.