## 66719. BAILESS v. THE STATE.

Birdsong, Judge.

Donna Bailess was convicted at a non-jury trial of prostitution and sentenced to a probated sentence, fine, and first offender status. She brings this appeal contending that the evidence is insufficient to warrant her conviction. *Held:*

The evidence shows that an undercover police officer from a motel called an escort service in Cobb County soliciting female companionship. Shortly thereafter the appellant Bailess appeared at the motel room door dressed in a jump suit and a pair of shoes. She informed the officer that the fee for the agency was $50 and for her "services" $100, or a total of $150. She closely questioned the officer to ascertain if he was in fact a police officer and even, with his consent, examined his wallet and its papers. Upon being satisfied he apparently was not a police officer, she agreed to perform her "services." Upon being asked what her services would be, she indicated that she could not identify those services either for the agency or herself. Upon being pressed further, she stated that she was there to "model." Bailess then proceeded to strip to a nude condition, turn out the light, and enter the bed under the sheet. The officer then undressed himself and entered the bed. Again he sought to ascertain her "services." Because of the officer's insistence, Bailess left the bed, dressed, returned the $150 and started to depart. At that point, the

appellant was arrested for prostitution.

OCGA § 16-6-9 (Code Ann. § 26-2012) provides that a person commits prostitution when he or she offers or consents to perform an act of sexual intercourse for money. Bailess argues that her act of stripping to the nude was consistent with nude modeling or any of several other sexual acts in addition to an act of sexual intercourse. Thus under the rule pertaining to circumstantial evidence, appellant's acts were equally consistent with several modes of behavior other than that charged, i.e., Bailess could have intended to act as a nude model, commit an act of sodomy, masturbation or fornication as well as an act of prostitution.

We have no difficulty rejecting these several alternative suggestions of what Bailess might have been inclined toward doing. One hardly poses in the nude as a model by turning off the light and covering herself with a sheet. Moreover, considering the normal experience of mankind, heterosexual coitus conducive to reproduction is the nature of sexual contact between a male and female in the absence of evidence to show a contrary intent. Masturbation by a partner or a sodomitical act is not the normal or generally accepted form of sexual contact. We conclude that when a female disrobes and inclines herself on a bed together with a nude male, the reasonable expectation is that the ordinary and normal form of sexual intercourse is intended by the parties.

The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence excludes every *reasonable* hypothesis except the guilt of the accused, not that it removes every possibility of innocence of the crime charged. *McConnell v. State,* 235 Ga. 366, 367 (220 SE2d 5); *Jerdine v. State,* 137 Ga. App. 811, 812 (224 SE2d 803). Whether in a given case circumstances are sufficient to exclude every reasonable hypothesis except the guilt of the appellant is ordinarily a question for the trier of fact. An appellate court has no yardstick to determine what in a given case is a reasonable hypothesis except to rely on the informed and weighed conclusion of an enlightened trier of fact. In this case the court sitting without a jury heard and saw the witnesses and was better qualified to judge the reasonableness of an hypothesis raised by the evidence than is this court which is restricted to issues of law. *Estep v. State,* 154 Ga. App. 1 (267 SE2d 314). We are satisfied that the only *reasonable* hypothesis which could be drawn from the evidence presented to the trier of fact was sufficient to convince any rational trier of fact of appellant's guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 20, 1983.

*Glenn Zell,* for appellant.

*Herbert A. Rivers, Solicitor, Marc D. Cella, Assistant Solicitor,* for appellee.