## A89A0307. BERMAN v. THE STATE.

(381 SE2d 316)

DEEN, Presiding Judge.

Appellant Berman was convicted of prostitution and received a one-year probated sentence and a $1,000 fine. On appeal she contends that the trial court erred in failing to grant her motion for a directed verdict and by not curing a law enforcement officer's unresponsive inadmissible comment.

1. "A person commits the offense of prostitution when he performs or offers or consents to perform an act of sexual intercourse for money." OCGA § 16-6-9. In determining whether the trial court's denial of a motion for a directed verdict was proper, this court must view the evidence in the "light most favorable to the prosecution" and then determine whether "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984).

Viewing the evidence in this case in the light most favorable to the prosecution, we find that Bonner, an undercover officer for the Cobb County Sheriff's Department, checked into the motel, called the European Escort Agency, and requested that a woman be sent to his motel room. He was informed that the agency fee was sixty dollars and that the woman was to receive a tip of one hundred and twenty dollars. Within five minutes, appellant called the officer, described herself, asked if he had good identification, whether he was a police officer, and whether he was paying by cash or credit card. After she arrived at the motel room, appellant again inquired as to whether Bonner was a police officer, demanded to see his identification, and remarked that he fit the profile of a police officer. She then asked him for two hundred and ten dollars. He gave her this amount in cash, and she put it in her purse. She told him to get comfortable and began to undress. They both removed all of their clothing except their underpants. Berman offered to give Bonner a massage. He agreed and lay on his stomach on the bed, facing the foot of the bed. She took some lotion and massaged his back and legs "for a minute or so" and then removed his underpants and massaged his buttocks briefly. She then told him that he needed to come up to the head of the bed. She slipped off her panties and leaned back against the headboard next to him. She commented that he was "acting too passive" and requested that he hug her. He complied, and she again inquired if he was a police officer because "usually, men can't keep their hands off [me]." Bonner tried to allay her fears by saying that he was nervous because it was his first time to do this and he did not know what was expected. Appellant replied that he "needed to touch her in places that she hadn't touched [him] and then she would make [him] happy." At this point Bonner got up, identified himself as a police officer, and

arrested her. Another officer testified that he was working with Bonner and had viewed Bonner and Berman through a crack in the draperies and verified Bonner's testimony as to the sequence of the physical acts. Other evidence included certain articles contained in the appellant's purse at the time of her arrest: a black Gencom digital beeper, six to eight condoms and a pink plastic holder containing three condoms.

The evidence as presented in this case could be construed by the jury as being replete with both verbal and non-verbal offers of sexual intercourse for money. The facts contained herein are very similar to those in *Bailess v. State*, 168 Ga. App. 56 (308 SE2d 61) (1983), wherein appellant received a hundred and fifty dollars at a motel room from an officer (services fee of one hundred dollars and agency fee of fifty dollars), and the court noted "that when a female disrobes and inclines herself on a bed together with a nude male, the reasonable expectation is that the ordinary and normal form of sexual intercourse is intended by the parties." Id. at 57.

2. During cross-examination, the arresting officer was asked three questions as to his knowledge of arrest law. After the last question, he responded that based upon his knowledge of case law he could make an arrest as soon as they were in bed nude. Counsel then objected, and the judge reminded him that he opened the area of inquiry and "I'm going to allow him to respond to the question." The court then instructed the jury that its exclusive source of applicable law would come from the court and not the attorneys or witnesses.

Bonner continued answering the question and cited the *Bailess* case. Counsel made a general objection ("I object"), and the court instructed the witness that he could give a brief reasonable explanation, but he could not give a narrative of what the law was in the case. There was no further objection. At no time did counsel make a motion for a mistrial, motion to strike the testimony, or motion for curative instruction. A motion for a mistrial, not timely raised, is deemed waived. *Garner v. State*, 180 Ga. App. 146, 147 (348 SE2d 690) (1986). A general objection is not sufficient to present an appealable issue to this court for review. *Sultenfuss v. State*, 185 Ga. App. 47, 49 (363 SE2d 337) (1987).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

*Robert S. Devins*, for appellant.
*Patrick Head, Solicitor, Benjamin M. First, Melodie H. Clayton, Assistant Solicitors*, for appellee.