A97A2349. KIM v. THE STATE.
(496 SE2d 272)

Judge Harold R. Banke.

Susan Marie Kim was convicted of masturbation for hire. She challenges the sufficiency of the evidence on appeal.

This case arose after law enforcement authorities received a complaint from a woman whose husband purportedly had paid for a sexual act at a local health spa. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). A detective arranged for a confidential informant who had previously received sexual stimulation at the spa to investigate. The confidential informant made an appointment for a massage and obtained a wire tap and funds from the authorities.

During the confidential informant's massage, the detective listened from a surveillance van outside the spa. After the confidential informant disrobed and paid Kim $60, she also undressed and massaged him for 15 to 20 minutes. Then Kim told him to turn over, began fondling his genitalia, and asked if he wanted "what else he usually got." At that point, the confidential informant signaled the detective, who immediately entered to discover Kim, naked, straddling the confidential informant with his genitalia in her hand. The detective ordered Kim to dress and arrested her. *Held*:

Whether the evidence, viewed in the light most favorable to the State, is sufficient to permit the jury to find each essential element of the crime presents a close question. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). "[T]he crime is committed when a person for hire . . . erotically stimulates the genital

organs of another by (a) manual contact, (b) other bodily contact, or (c) instrumental manipulation. . . ." *Harwell v. State*, 237 Ga. 226 (227 SE2d 344) (1976).

Kim maintains that no evidence supported the element that she acted "for hire" because the arrest occurred before any discussion of payment or any money for the sexual service exchanged hands. The primary evidence supporting the "for hire" element is the confidential informant's testimony that Kim had massaged and masturbated him at least five times previously and had usually allowed him to "tip" her for the service at its conclusion (which was interrupted by Kim's arrest here).[1]

Masturbation for hire, like prostitution, is defined in terms of commercialization. *Pak v. State*, 206 Ga. App. 78, 79 (424 SE2d 292) (1992). Thus, notwithstanding Kim's argument, this offense does not require proof that money actually exchanged hands or that the defendant was paid an exact amount of money. The State was simply required to show that the act was performed "for hire," as part of a business transaction. Id.; *Harwell*, 237 Ga. at 226.

The confidential informant's unobjected-to testimony about the prior transactions spoke to that issue. Furthermore, Kim's own question to the confidential informant at the massage's conclusion, when she asked if he wanted "what else he usually got," bolstered his testimony. We believe this evidence was sufficient to present a jury question on whether the act was committed for money. See *Bailess v. State*, 168 Ga. App. 56, 57 (308 SE2d 61) (1983).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 8, 1998 —
RECONSIDERATION DENIED JANUARY 26, 1998

*Germano, Kimmey & Cheatwood, John L. Kimmey III*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Maurice Bennett, Assistant Solicitors*, for appellee.

---

[1] This evidence is, in effect, unobjected-to similar transaction testimony which was admitted without prior notice or a hearing as contemplated by Uniform Superior Court Rule 31.3. Although this Court has held that the admission of similar transaction evidence without a Rule 31.3 hearing is not waivable error despite a failure to object, our Supreme Court has raised questions about this rule's validity. *Stirrat v. State*, 226 Ga. App. 350, 351-352 (2) (a) (486 SE2d 640) (1997). In *Williams v. State*, 267 Ga. 308, 309-310 (3) (477 SE2d 570) (1996), the court held that the issue could not be raised for the first time on appeal. Here, Kim failed to raise the issue at trial or on appeal. Thus, any error was waived.