A98A0447. RIGGINS v. THE STATE.
(498 SE2d 117)

BIRDSONG, Presiding Judge.

Charles Riggins appeals his conviction of aggravated assault, possession of a firearm during the commission of a felony, discharge of a firearm near a public highway, and carrying a pistol without a license. He enumerates two errors. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). The evidence so viewed is as follows: Appellant was living with Tameika McDaniel, as husband and wife. McDaniel went to the Elks Club and departed with the victim Larry Thomas. Appellant found Tameika sitting in Thomas' car and parked his car so as to block Thomas' car. McDaniel exited Thomas' car and walked toward her friend's apartment. Appellant exited his car carrying a pistol. He threatened to shoot McDaniel if she knocked on her friend's door. Appellant approached the driver's side of Thomas' car, broke the door glass, and fired one shot into the car striking Thomas on the middle finger of his left hand. (Note: Both the victim and an eyewitness, who was delivering newspapers in the area, testified that appellant was armed with a pistol when he approached the victim's car, that he broke the glass in the victim's car and fired his pistol.) Thomas grabbed a gun and returned fire shooting appellant twice in the abdomen. Appellant fled the scene seeking medical assistance. Thomas remained at the crime scene until the EMT and law enforcement officers arrived. A review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in denying appellant's motion for a new trial. The motion was based on the claim of newly discovered evidence, that is, the newly expected testimony of McDaniel that Thomas had lied when he testified, appellant was not armed that evening, and that she had seen Thomas' hand on the night of the incident and the position of the wound showed he had shot himself in the back of the hand. (Note: An EMT testified that he could not determine the direction from which the bullet entered the victim's hand.) During a previous hearing on a motion to dismiss, McDaniel had elected to assert her spousal privilege not to testify against appellant, her common-law husband. However, she was present in the courtroom during trial, and she informed appellant's counsel of her contentions and prospective testimony after the jury began deliberations. However, appellant's counsel did not affirmatively seek on the record to reopen its case and have the jury recalled from its deliberations.

The standard for granting a new trial based on newly discovered evidence is the six-requirements test of *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792). "All six requirements must be complied

with to secure a new trial." Id.

Appellant has failed to show that the evidence has come to his knowledge *since* the trial. Rather, it is admitted in judicio in appellant's brief (see generally *State v. Griffin*, 204 Ga. App. 459 (419 SE2d 528)) that the evidence became known to appellant's attorney "after the jury received evidence and began deliberations." The evidence at issue is not newly discovered within the meaning of *Timberlake*, supra. " '[E]ven after jury deliberations have begun, the trial court, in the sound exercise of discretion, may reopen the evidence and allow the admission of new evidence.' " *Gardner v. State*, 263 Ga. 197, 198 (2) (429 SE2d 657); *Childs v. State*, 257 Ga. 243, 255 (357 SE2d 48); *State v. Roberts*, 247 Ga. 456, 458 (277 SE2d 644). Appellant's remedy was immediately to make a proffer of the evidence to the trial court and the circumstances surrounding its belated discovery, and to move for the reopening of the evidence. Appellant failed to seek this remedy. " ' "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." ' " (Citations omitted.) *Hollis v. State*, 191 Ga. App. 525, 528 (5) (382 SE2d 145); accord *Bruce v. State*, 259 Ga. 798 (2) (b) (387 SE2d 886).

Additionally, having examined the trial record and the hearing transcript on appellant's new trial motion, we find appellant has also failed to show that the testimony of appellant's common-law wife, McDaniel, probably would produce a different result should a new trial be conducted. For each of these independent reasons, we find that the trial court did not err in denying appellant's motion for new trial based on the alleged newly discovered testimony of McDaniel.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 24, 1998.

*Ralph L. Phillips*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.

