A98A0716. DOWIS v. THE STATE.

(501 SE2d 275)

JOHNSON, Judge.

The procedural history of this misdemeanor case is as follows: Cary E. Dowis was charged by accusation with two counts of hunting without a license and one count each of driving with a suspended license, no proof of insurance, driving a vehicle without a valid license plate, hunting with a prohibited weapon, hunting without a big game license, and hunting without fluorescent orange clothing. Acting pro se, Dowis subsequently filed a notice and demand by special appearance to abatement and motion to dismiss for lack of jurisdiction. Following a hearing, the relief sought by this pleading was denied. Approximately one month later, Dowis filed a Writ of Prohibition against the Chief Judge of the superior court. The writ was denied. Dowis was convicted of the above eight counts in a bench trial.

Dowis appealed his judgment of conviction to the Supreme Court of Georgia, raising several constitutional claims. The Supreme Court transferred the case to this Court, holding that the constitutional issues raised were not ruled upon by the trial court. The Supreme Court further held that any viable constitutional claims remaining involve an application of unquestioned and unambiguous constitutional provision.

The salient facts of this case are as follows: A ranger with the Georgia Department of Natural Resources responded to a complaint

of shots being fired. Upon his arrival, the ranger observed a man emerging from the woods. This man produced a license to hunt big game and was not detained. Dowis emerged from the woods a short time later. He was riding a four-wheeler ATV and had a crossbow on his back; it was the only weapon the ranger saw. Dowis admitted that he was hunting. When asked to produce his hunting license, Dowis stated that "he was a sovereign citizen and did not have a license to hunt or drive." He also stated that he was not required to have a driver's license "because he was using the highway in the extraordinary use." Dowis did not have any type of license in his possession. A GCIC check revealed that Dowis' driver's license had been suspended. Dowis was cited for hunting without a license and hunting with a prohibited weapon; the crossbow was held as evidence. The ranger informed Dowis that he would later check with his superior to verify whether Dowis' possession of the crossbow was illegal. Dowis was not cited for driving without a license at this time, although the ranger informed him of its suspended status. The ranger subsequently performed a records check and determined that Dowis had not, in fact, been issued a special permit to hunt with the crossbow.

Two days later, during deer season, the ranger and his partner observed Dowis in a tree stand holding a loaded rifle. The tree stand was on private property belonging to others. Dowis was not wearing the fluorescent clothing required by OCGA § 27-3-40, although he had a fluorescent vest in his pocket. Dowis admitted that he did not have a hunting license and asserted that he "wasn't required to have one." Dowis was arrested for the hunting violations and his rifle seized. Dowis' vehicle was present and a re-check revealed that his driver's license was still suspended. Approximately two months later, Dowis drove a pickup truck to and from the county courthouse for a hearing. The ranger who had initially stopped Dowis in the woods saw appellant driving the untagged vehicle on a public roadway and notified a deputy sheriff of these facts. Based on this information, the deputy sheriff stopped Dowis' truck. Dowis' truck did not have a valid license tag or decal. The only tag which it had displayed was a paper tag which either read, "C. E. Dowis, Sovereign Citizen" or "Citizen of Georgia." Dowis failed to produce a driver's license or proof of insurance. Dowis asserted that he was exempt from the insurance requirement. A police check confirmed that Dowis' driver's license was suspended. The deputy then arrested Dowis. Dowis has consistently asserted that he is not required to have a driver's license, car tag, car insurance, or a hunting license because he is a sovereign citizen of this state.

1. Dowis' contention that the trial court erred in deciding that he has no right to use the highways and streets of Georgia is without merit. Although Dowis claims that he does not have to have a license

when using highways for the ordinary and usual purposes of life, the right to operate a motor vehicle upon the public highways of this state is a qualified right which can be exercised only by obtaining a state driver's license. *Ward v. State*, 188 Ga. App. 372, 373 (1) (373 SE2d 65) (1988).

2. Dowis' contention he was illegally arrested without a warrant and his property taken from him without due process of law also is without merit. Essentially, Dowis contends that he was illegally arrested on two separate occasions by the rangers and the deputy sheriff, respectively, and that his crossbow, rifle and truck were illegally taken from him without due process of law.

(a) *Seizure of the truck.* The record does not contain any affirmative evidence that Dowis' truck was illegally seized, towed and held. Facts asserted in briefs but unsupported by evidence of record cannot be considered on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223) (1988). Moreover, even if this evidence had been admitted erroneously in a bench trial, there exists no reasonable probability that it would contribute to the verdict; the error would be harmless. See *Ragan v. State*, 264 Ga. 190, 192 (3) (442 SE2d 750) (1994). To obtain case reversal on appeal, an appellant must prove both error and harm affirmatively by the record. *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901) (1994).

(b) *Seizure of the crossbow.* Hunting with a crossbow is prohibited except under such circumstances and conditions as prescribed by rule or regulation of the Board of Natural Resources. OCGA §§ 27-1-2 (7); 27-3-4 (6). The ranger testified that Dowis did not have any type of license in his possession when the crossbow was seized and that a records check subsequently verified that Dowis was not issued a special permit for the crossbow. At no time during trial did Dowis assert that he met any of the circumstances or conditions for carrying a crossbow, as prescribed by rule or regulation of the Board of Natural Resources. Rather, he objected because the crossbow was seized without a warrant. He also asserted that hunting with a crossbow on private property is not illegal. As Dowis did not raise at trial a claim of any statutory exception authorizing him to hunt with a crossbow, this issue was not before the trial court and preserved for appeal. *Flynn v. State*, 88 Ga. App. 52, 53 (3) (76 SE2d 38) (1953); compare *Greenhill v. State*, 199 Ga. App. 218, 219 (2) (404 SE2d 577) (1991). We consider on appeal only issues properly raised before the trial court. See *Long v. Marion*, 257 Ga. 431, 432 (1) (360 SE2d 255) (1987).

Moreover, OCGA § 27-1-20 (8) provides that conservation rangers shall have the power "[t]o seize as evidence, *without warrant,* any device other than a boat, vehicle, or aircraft when they have cause to believe that its possession or use is in violation of any of the provi-

sions of the laws or regulations dealing with wildlife." (Emphasis supplied.) Construing the evidence in a light most favorable to support the verdict, we find that the ranger lawfully seized Dowis' crossbow.

(c) *Seizure of the rifle.* OCGA § 27-1-20 (4) provides that conservation rangers shall have the power "[t]o arrest *without warrant* any person found violating any of the laws, rules, and regulations pertaining to wildlife or to hunting, fishing, or boating." (Emphasis supplied.) See also OCGA § 27-1-18 (a) (2), (3). The rangers had the requisite knowledge sufficient to warrant a prudent person in believing that Dowis had committed or was committing misdemeanor offenses, by hunting without a license, by hunting big game without a license and by hunting without the required fluorescent clothing. *Callaway v. State*, 257 Ga. 12, 13 (2) (354 SE2d 118) (1987). The rangers had authority to seize appellant's rifle without a warrant. OCGA § 27-1-20 (8).

(d) *Arrest of Dowis.* Based on the information relayed by the ranger to the sheriff's department, the deputy sheriff had the articulable suspicion required to stop Dowis' truck for a traffic violation. See *Walton v. State*, 194 Ga. App. 490, 491 (2) (390 SE2d 896) (1990). During the course of the investigative detention, the deputy obtained sufficient evidence of Dowis' various traffic violations to give him probable cause to arrest Dowis without a warrant. See generally *Callaway*, supra.

(e) *Constitutional claims.* As the trial court did not rule on any constitutional claims asserted by appellant, none of these issues are preserved for appeal. See *Whatley v. State*, 196 Ga. App. 73, 75 (1) (395 SE2d 582) (1990).

3. *Notice of demand by special appearance to abatement and motion to dismiss for lack of jurisdiction.* The record reveals that a hearing was held on Dowis' pleas in abatement and motion to dismiss but no transcript of this hearing is included in the record on appeal. The record before us contains no viable evidence of lack of jurisdiction. "The burden is on the complaining party, including pro se appellants, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review." (Citation and punctuation omitted.) *Kegler v. State*, 267 Ga. 147, 148 (3) (475 SE2d 593) (1996). Without the hearing transcript to review, this Court must assume as a matter of law that the evidence presented supported the trial court's findings. *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500) (1991).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1998.

Cary E. Dowis, *pro se.*
Timothy G. Madison, *District Attorney*, for appellee.