## A98A1709. MICHAEL v. THE STATE.
### (508 SE2d 426)

Judge Harold R. Banke.

Joseph Michael was convicted of possession of marijuana with intent to distribute. He enumerates seven errors on appeal.

This case arose after a Federal Express driver notified police that a damaged package due for delivery appeared to contain marijuana. After verifying its contents, officers left the package outside the residence to which it was addressed and set up video surveillance.

Eventually, Laura Mattox drove up with her young child and picked up the package. When the officers intercepted her, she admitted that two similar boxes were in the back of her truck. She explained that she received $250 for each box she delivered to "Joe," who ran an herbal store in Atlanta.

At the officers' request, Mattox set up a meeting with Joe at a local car dealership by complaining of car trouble and arranging for him to meet her there and retrieve the packages while she left her car for repairs. The officers then videotaped Michael as he arrived, looked around suspiciously, and asked Mattox if she had been followed. After Michael placed the boxes in his car, Mattox mentioned getting paid when she got home, and he nodded his head and later said yes. When Michael was arrested shortly thereafter, officers discovered $870 on his person. *Held*:

1. The evidence was sufficient to support the verdict. Assuming solely for the sake of argument that Mattox was an accomplice, notwithstanding the arresting officer's opinion that she was a mere

pawn, the record provides adequate corroboration of her testimony. *Parkerson v. State*, 265 Ga. 438 (2) (457 SE2d 667) (1995) (even slight evidence of corroboration connecting a defendant to a crime satisfies the requisites of OCGA § 24-4-8 and that may be entirely circumstantial).

The videotape showed that Michael was suspicious when he arrived at the dealership and inquired whether Mattox had been followed. Both Mattox and the arresting officer testified that when Mattox mentioned payment upon arrival at her house, Michael agreed. Further, funds sufficient to pay $250 for each of the three packages were seized from Michael's person. This evidence, viewed in the light most favorable to the verdict, was sufficient to corroborate Mattox's testimony. See *Sharpe v. State*, 213 Ga. App. 280, 282 (1) (444 SE2d 600) (1994). Combined, they raise a jury question on whether Michael possessed the marijuana with intent to distribute.

2. The trial court did not err in denying Michael's motion for continuance to permit defense counsel to investigate evidence related to the packages sent to Mattox. Michael argues that he needed more time to obtain documentary evidence offered for impeachment subpoenaed from Federal Express showing that Michael had not previously sent Mattox packages. *McTaggart v. State*, 225 Ga. App. 359, 362 (1) (483 SE2d 898) (1997) (satisfaction of each statutory ground is necessary to justify continuance).

The record shows that Michael sent previous packages via other delivery services and to Mattox's relatives at other addresses, facts which eliminate any reasonable probability that the admission of the evidence at issue would have affected the verdict. *Dowis v. State*, 232 Ga. App. 111, 113 (2) (a) (501 SE2d 275) (1998). We decline to reach the remaining arguments asserted in this enumeration. *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997) (appellants may not enlarge their enumerations through their briefs).

3. Michael argues that the trial court erred by admitting similar transaction evidence without complying with Uniform Superior Court Rule 31.3. We question whether the evidence at issue, Mattox's comment that she had picked up boxes for Michael four or five times before, could properly be characterized as similar transaction evidence. USCR 31.3, by its nature, applies only to " 'other criminal acts by the defendant,' " and no evidence of the other boxes' contents was introduced. *King v. State*, 230 Ga. App. 301, 302 (1) (496 SE2d 312) (1998). In any event, because Michael failed to object to the admission of this testimony, the issue was waived. *Kim v. State*, 230 Ga. App. 342, 343, n. 1 (496 SE2d 272) (1998).

4. Michael maintains that the State failed to reveal the deal Mattox received for testifying. The record shows that the arresting officer believed Mattox's claim of ignorance about the package's con-

tents. He did not press charges. He denied threatening to prosecute if she did not cooperate or offering her anything for her assistance. The State also specifically denied the existence of any deal.

Without question, in response to the appropriate defense filings, the State must reveal any agreement, even an informal one, concerning criminal charges against that witness. *Owen v. State*, 265 Ga. 67, 68 (2) (453 SE2d 728) (1995). However, because the record reveals no prosecutorial misconduct or any false testimony regarding a deal involving Mattox, Michael's reliance on *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972) is misplaced. *Anderson v. State*, 193 Ga. App. 540, 541 (2) (388 SE2d 351) (1989). Moreover, the alleged "deal" developed in this record lacked sufficient specificity to support a finding that it offered even marginal benefit to Mattox. See *Patillo v. State*, 258 Ga. 255, 260 (4) (c) (368 SE2d 493) (1988). We also observe that Michael's cross-examination of Mattox did not delve into the question of a deal. Compare *Lariscey v. State*, 254 Ga. 241, 243 (4) (328 SE2d 213) (1985).

5. The trial court did not err in denying Michael's motion for new trial based on newly discovered evidence that Federal Express found no record of transporting packages to Mattox or her various aliases at the addresses she specified at trial. The standard for granting a new trial based on newly discovered evidence is the six-criteria test set forth in *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). *Riggins v. State*, 230 Ga. App. 757, 758 (2) (498 SE2d 117) (1998). All six criteria must be met to warrant a new trial. Id. at 758-759 (2).

Here, as noted, the record shows that Michael utilized delivery services other than just Federal Express. This fact mandates a finding that the evidence was not so material that it would probably have produced a different result. *Young v. State*, 269 Ga. 490, 492 (2), n. 5 (500 SE2d 583) (1998). Further, apparently the evidence was offered solely to impeach Mattox's statement that she picked up several other packages for Michael. Id. Michael's failure to satisfy the *Timberlake* criteria precludes a finding that the trial court abused its discretion in denying the motion for new trial. *Riggins*, 230 Ga. App. at 759 (2).

6. Michael argues that the admission of a videotape of the transaction between him and Mattox without the proper foundation requires reversal. Michael's failure to timely assert this objection and indicate the missing foundational elements waived the issue. *Tolver v. State*, 269 Ga. 530, 531-532 (2) (500 SE2d 563) (1998).

7. Michael maintains his trial counsel was ineffective in seven specific ways. We disagree.

To establish ineffectiveness, a defendant must prove that trial counsel's performance was deficient and but for the deficiency a rea-

sonable probability existed that the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). An error by counsel, even if professionally unreasonable, does not warrant reversal of a criminal conviction if it had no effect on the judgment. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Further, we need not inquire into counsel's alleged deficiency, absent a showing of prejudice. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). Review of counsel's performance must be highly deferential. *Rogers v. State*, 195 Ga. App. 446, 448 (2) (394 SE2d 116) (1990).

(a) Michael asserts that trial counsel's failure to interview Mattox prior to trial was ineffective. However, the record shows that trial counsel questioned Mattox during related forfeiture proceedings. Michael's failure to demonstrate prejudice from the alleged deficiency is fatal to this argument. *Goodwin*, 265 Ga. at 615.

(b) Michael maintains that trial counsel's failure to assert a lack of foundation objection to the admission of the videotape of the transaction constitutes ineffectiveness. The fact that the State laid an adequate foundation for the videotape's admission undermines this argument. See *Wingfield v. State*, 226 Ga. App. 448, 449 (2) (486 SE2d 676) (1997). Because a witness was available to testify about the tape's accuracy *State v. Berky*, 214 Ga. App. 174, 176 (447 SE2d 147) (1994), vacated, 266 Ga. 28 (463 SE2d 891) (1995), is inapplicable.

(c) Michael failed to show a reasonable probability that the result of the trial would have been different had counsel successfully excluded Mattox's statement that she had picked up boxes for Michael four or five times before, particularly in view of the substantial evidence showing guilt and the dearth of evidence showing that the other boxes contained contraband. See *Goodwin*, 265 Ga. at 615.

(d) This same reasoning applies to Michael's contention that trial counsel was ineffective for failing to object to the arresting officer's perception that Mattox knew nothing about the marijuana. See *Yi v. State*, 267 Ga. 171, 172-173 (2) (475 SE2d 623) (1996).

(e) The record refutes Michael's contention that trial counsel's failure to lay a foundation for striking two jurors constituted ineffectiveness. The record shows that trial counsel objected that one juror's ties to law enforcement and the other's to Federal Express rendered them incapable of impartiality.

(f) Michael claims trial counsel was ineffective in failing to properly present character evidence. Because the record shows that she did present favorable evidence of his character and Michael failed to specify how counsel erred or what evidence she failed to elicit, prejudice cannot be established. Id.

(g) Michael maintains that trial counsel's decision not to present rebuttal evidence concerning threats Michael made to Mattox constituted ineffectiveness. However, his failure to specify the nature of the potential rebuttal evidence which could have had a reasonable probability of affecting the outcome of his case precludes a showing of prejudice. Id.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 28, 1998.

*Hector R. Cora*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.