A99A1619. HOLLAND v. THE STATE.
(523 SE2d 33)

BLACKBURN, Presiding Judge.

Paul M. Holland appeals his convictions, following a jury trial, for homicide by vehicle in the second degree (OCGA § 40-6-393 (b)) and improper backing (OCGA § 40-6-240), contending that the trial court erred by: (1) denying his motion for a directed verdict of acquittal; (2) allowing a videotape of the accident scene into evidence without a proper foundation; and (3) failing to appropriately charge the jury with regard to the proximate cause of the collision. Holland also contends, for the first time on appeal, that he received ineffective assistance of counsel. For the reasons set forth below, we find no merit in Holland's first three enumerations. We remand the case to the trial court on the ineffective assistance of counsel claim only.

1. Holland contends that the trial court should have granted his motion for a directed verdict.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Holland] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

On the evening of November 26, 1997, Holland began backing his wrecker from a parking lot onto Ridge Road in Gainesville. Holland had stopped the wrecker, and its back end was sticking out into the heavily traveled roadway when Grace Pierce approached in her

car. Pierce collided with the wrecker, the boom of which shattered her windshield. Pierce died as a result of the collision.

OCGA § 40-6-240 (a) provides: "A driver shall not back a vehicle unless such movement can be made with safety and without interfering with other traffic." OCGA § 40-6-393 (b), in turn, provides that a person who unintentionally causes the death of another by violating OCGA § 40-6-240, among other Code violations, is guilty of homicide by vehicle in the second degree.

Trooper Mark Perry, who investigated the scene, determined that the accident was caused by Holland illegally backing into Ridge Road. Trooper Mike Fortson testified that Holland should have circled around in the parking lot he was in so that he could safely enter traffic, rather than backing in an unsafe manner. Fortson also stated that nothing on Holland's truck would have alerted Pierce to its presence in the road. Officer Wes Anderson testified that Holland's wrecker did not have side lights or reflective markers, which could have prevented the accident. This evidence was sufficient to support the jury's verdict that Holland illegally backed into Ridge Road, ultimately causing Pierce's death. See *Jackson*, supra.

The testimony of Frank Brock, an eyewitness, does not alter this result, as Holland contends. Holland argues that Brock's testimony proves that the accident was caused by Pierce's negligent driving, not Holland's. Although Brock did testify that he observed Pierce prior to the crash and noticed that she was looking down into her lap rather than at the road in front of her, Trooper Fortson testified that, based on his investigation, Brock could not have seen into Pierce's car from his vantage point. The jury, as the arbiter of credibility, was empowered to reject Brock's testimony in light of that given by Trooper Fortson, and this Court is not authorized to disturb the jury's credibility determination on appeal. *Lester*, supra.

2. Holland contends that the trial court erred by allowing into evidence a video taken by Trooper Perry during his investigation of the accident. He contends that no foundation had been laid for the introduction of this evidence. Holland, however, failed to raise a foundational objection to such evidence and affirmatively stated that he had no objection to the jury's viewing of the video. By his conduct, Holland waived any right to argue on appeal that the videotape was inadmissible. *Michael v. State*, 235 Ga. App. 16, 18 (6) (508 SE2d 426) (1998).

3. Holland also contends that the trial court erred by refusing to give three instructions requested by him in writing on the issue of proximate causation and the duty of ordinary care owed by the driver of a vehicle. Specifically, Holland contends that the trial court failed to instruct the jury that it could not find him guilty of vehicular homicide if the proximate cause of the collision was Pierce's failure to

exercise ordinary care while driving.

To determine whether the charge of a court was erroneous, jury instructions must be considered as a whole. *Hambrick v. State*, 256 Ga. 688, 690 (3) (353 SE2d 177) (1987). In this case, the trial court, while rejecting Holland's requested instructions, thoroughly and appropriately charged the jury that Holland's illegal backing had to be the proximate cause of Pierce's injuries to constitute homicide by vehicle in the second degree. The trial court also instructed the jury that a driver of a vehicle must exercise due care in operating a motor vehicle. Considering the charge as a whole, the trial court properly charged the jury as to the issue of proximate causation in this case.

4. On appeal, Holland, for the first time, contends that his trial counsel rendered ineffective assistance of counsel. "[T]he rule that an ineffectiveness claim must be raised 'at the earliest practicable moment' requires that that claim be raised *before appeal* if the opportunity to do so is available." (Emphasis in original.) *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996). If the claim is not raised at the earliest practicable time, it is waived. *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988).

> If an appellant raises on appeal the issue of ineffectiveness of his original trial counsel, and appellant did not have the opportunity to raise such issue in the trial court, we will ordinarily remand the case to the lower court for resolution of such issue, with the right in the appellant to appeal the ruling.

*Howard v. State*, 233 Ga. App. 724, 729 (7) (505 SE2d 768) (1998).

Here, appellate counsel did not participate in the motion for new trial and could not have raised the ineffectiveness claim at that time. Therefore, this claim has been properly raised for the first time on appeal. We remand this case to the trial court for a hearing on this issue alone.

*Judgment affirmed in part and case remanded. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 28, 1999.

*H. Bradford Morris, Jr.*, for appellant.

*Jerry Rylee, Solicitor, Michael K. Biglow, Assistant Solicitor*, for appellee.