## A07A0797. PHILLIPS v. THE STATE.
(644 SE2d 153)

BLACKBURN, Presiding Judge.
Following a jury trial, Alonzo Phillips was convicted of one count of child molestation[1] and one count of aggravated sexual battery.[2] He

---

appeals his conviction and the denial of his amended motion for new trial, arguing that the trial court erred in (1) admitting a videotaped interview of the victim into evidence; (2) denying his motion for change of venue due to prejudicial pretrial publicity; (3) denying his equal protection challenge to the aggravated sexual battery statute; and (4) finding that he did not receive ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in a light most favorable to the verdict, *Davis v. State*,[3] the record shows that in July 2003, 12-year-old S. J. had developed a school-girl crush on Phillips after seeing him in the neighborhood where she was living with her grandmother. S. J. began telephoning Phillips at his home, and eventually, she and Phillips would converse on the telephone nearly every day. During one of these conversations, Phillips asked S. J. to visit him at his house. S. J. agreed and walked down the street to Phillips's house; however, after knocking on his door, she became nervous and left without entering his home. A day or so later, Phillips convinced S. J. to visit him again, which she did. S. J. entered Phillips's home, he began kissing her, and later, in his bedroom, he inserted his finger into her privates. Shortly thereafter, S. J. left Phillips's house and went back home. A couple of nights later, S. J. returned, and during this visit, Phillips put on a condom and had sexual intercourse with her. After a few minutes, he stopped and S. J. decided to leave. As she was leaving, however, she noticed that a light was on in her grandmother's house, which indicated that her grandmother was awake. S. J. attempted to sneak back into her grandmother's house but found that the door had been locked. She ran back over to Phillips's house and asked if she could use his telephone to call her grandmother and have the door unlocked. When Phillips refused, S. J. returned home and knocked on the door so that her grandmother would let her back in the house.

S. J. admitted to her grandmother that she had been at Phillips's house and further admitted that Phillips had sexually molested her. S. J. was taken to the hospital to be examined and was interviewed there by a police detective who had been called to investigate the incident. The next day, the same police detective interviewed S. J. at the police station regarding Phillips's sexual molestation of her and recorded the interview on videotape. During that interview, S. J. recounted the details of her encounters with Phillips.

Phillips was indicted on one count each of child molestation, aggravated sexual battery, and statutory rape, and was tried on those charges in August 2005. During this trial, the court granted Phillips's motion for directed verdict of acquittal as to the statutory rape

---

[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

charge. After the jury could not reach a verdict on the two remaining charges, the trial court declared a mistrial. Nearly two months later, Phillips was retried on the child molestation and aggravated sexual battery charges and was found guilty on both counts. Phillips filed a motion for new trial, obtained new appellate counsel, and then twice amended his motion. After a hearing, Phillips's motion was denied, and this appeal followed.

1. Phillips contends that the trial court erred in admitting the videotaped interview of S. J. into evidence. Specifically, he argues that the videotaped interview should have been excluded because (a) there was no pretrial hearing to determine its reliability; (b) it lacked sufficient indicia of reliability; (c) it improperly bolstered S. J.'s testimony; and (d) the State failed to lay the proper foundation for its admission. These arguments are without merit.

(a) Prior to his first trial, Phillips filed a motion requesting a hearing to determine whether the videotaped interview of S. J. was admissible under the Child Hearsay Statute. Before opening statements, Phillips again requested that the court conduct a hearing. The court responded that it would delay determining whether the video-taped interview was admissible until after S. J. testified at trial. Shortly after S. J. testified, the State called the detective who conducted the videotaped interview to testify. At this point, the jury was removed. The trial court then reviewed the videotape and allowed Phillips to cross-examine the detective before ruling that the videotape was admissible. During Phillips's second trial, his counsel renewed the objection to the videotape's admissibility prior to its introduction. Relying on its previous viewing of the videotape, the trial court ruled once again that it was admissible.

Phillips now argues that the trial court erred in failing to make a pretrial ruling on the videotape's admissibility. We disagree. Under OCGA § 24-3-16,

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

The statute "does not require a hearing to determine 'indicia of reliability' be held prior to receiving the testimony." *Reynolds v.*

*State.*[4] Moreover, the trial court need not make an express finding that the circumstances of the statement at issue provide sufficient indicia of reliability before admitting the statement, as "this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding." *Gregg v. State.*[5] Consequently, Phillips's contention that the trial court erred in failing to hold a pretrial hearing to determine the admissibility of the videotaped interview of S. J. is without merit. See *Xulu v. State.*[6]

(b) Phillips also argues that the videotaped interview of S. J. should have been excluded because it lacked sufficient indicia of reliability. We disagree.

"The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion." (Punctuation omitted.) *Newton v. State.*[7] Under our decision in *Gregg,* supra, some of the factors a court may consider when determining whether an out-of-court statement has sufficient indicia of reliability include, but are not limited to, the following:

> (1) the atmosphere and circumstances under which the statement *was made* (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.

(Emphasis in original.) *Gregg,* supra, 201 Ga. App. at 240 (3) (b). "[H]owever, [these] factors are not to be mechanically applied but considered in a manner best calculated to facilitate the determination of the required degree of trustworthiness." *Newton,* supra, 281 Ga. App. at 554 (2).

---

[4] *Reynolds v. State,* 257 Ga. 725, 726 (2) (363 SE2d 249) (1988).

[5] *Gregg v. State,* 201 Ga. App. 238, 239 (3) (a) (411 SE2d 65) (1991).

[6] *Xulu v. State,* 256 Ga. App. 272, 275 (4) (568 SE2d 74) (2002).

[7] *Newton v. State,* 281 Ga. App. 549, 552 (2) (636 SE2d 728) (2006).

Here, S. J. was 12 years old at the time of the interview. She was interviewed by a police detective in his office and outside of the presence of her mother so as to avoid any undue influence. The interview was conducted only a couple of days after the incident, and S. J.'s recounting of the event remained consistent. The detective also testified that it did not appear that S. J. had been coached or instructed regarding what to say. In addition, there was no evidence that any threats or promises were made to S. J. to induce her to talk nor was there evidence of S. J. being impaired by drugs or alcohol.

Furthermore, S. J. testified at both trials and was subject to cross-examination, thus allowing Phillips every opportunity to cross-examine her before the jury regarding the circumstances surrounding the videotaped interview, and giving the jury the opportunity to judge her demeanor and credibility during that examination. *Newton*, supra, 281 Ga. App. at 554 (2). "This provided an additional safeguard to [Phillips's] right of fair trial and provided [him] full opportunity for confrontation." *Conley v. State.*[8] Accordingly, the trial court did not abuse its discretion when it admitted S. J.'s videotaped interview. See *Newton*, supra, 281 Ga. App. at 554 (2).

(c) Phillips argues that the videotaped interview of S. J. should have been excluded because it improperly bolstered S. J.'s credibility. It is well established that "the credibility of a witness is a matter for the jury, and a witness'[s] credibility may not be bolstered by the opinion of another witness as to whether the witness is telling the truth." *Branesky v. State.*[9] However, in this matter, Phillips does not allege that another witness improperly bolstered S. J.'s credibility but rather claims that S. J.'s own testimony during the videotaped interview constitutes improper bolstering. This claim is without merit.

In admitting the videotaped interview under OCGA § 24-3-16, the trial court determined that there were sufficient indicia of reliability surrounding S. J.'s out-of-court statements. See *Gregg*, supra, 201 Ga. App. at 239 (3) (a). Phillips cites no authority supporting his argument that despite being admissible under the Child Hearsay Statute, a child victim's out-of-court statement recounting the circumstances surrounding the sexual molestation in and of itself constitutes improper bolstering of credibility. Moreover, as previously mentioned, Phillips was allowed to cross-examine S. J. at trial and therefore had a full opportunity to test her credibility before the jury. See *Conley*, supra, 257 Ga. App. at 565 (2); *Rayburn v. State.*[10]

---

[8] *Conley v. State*, 257 Ga. App. 563, 565 (2) (571 SE2d 554) (2002).

[9] *Branesky v. State*, 262 Ga. App. 33, 36 (3) (a) (584 SE2d 669) (2003).

[10] *Rayburn v. State*, 194 Ga. App. 676, 677 (3) (391 SE2d 780) (1990).

Thus, the trial court did not err in failing to find that the videotaped interview improperly bolstered S. J.'s credibility.

(d) Phillips further contends that the videotaped interview should have been excluded because the State failed to lay the proper foundation for its admission into evidence. However, "[i]f counsel desires to preserve an objection upon a specific point, the objection must be on that specific ground. Otherwise, this [C]ourt will not consider it." (Punctuation omitted.) *Maskivish v. State.*[11] Here, Phillips failed to specifically object to the videotape's admission on lack of foundation grounds at trial and therefore has waived this issue. See *Michael v. State.*[12]

2. In his second enumeration, Phillips contends that the trial court erred in denying his motion for a change of venue because of pretrial publicity. Specifically, Phillips argues that the publicity surrounding the initial mistrial and leading up to the retrial prejudiced him with respect to potential jurors. We disagree.

"A motion for [a] change of venue based upon pretrial publicity is in the trial court's discretion and its ruling will not be disturbed absent abuse of that discretion." *Brady v. State.*[13] To obtain a change of venue based on prejudicial pretrial publicity, Phillips must demonstrate "(1) that the trial's setting was inherently prejudicial or (2) that the jury selection process revealed actual prejudice to a degree that rendered a fair trial impossible." Id. See *Blige v. State.*[14] "However, widespread or even adverse publicity is not in itself grounds for a change [in] venue." (Punctuation omitted.) *Chancey v. State.*[15] Here, in selecting the jurors, Phillips's counsel exercised eight of the nine peremptory strikes authorized by OCGA § 15-12-165. "The general rule is that appellate courts will not reverse the trial court's overruling of a motion for change of venue where the appellant has not exhausted his peremptory challenges." *Coleman v. State.*[16]

Furthermore, Phillips has failed to show actual prejudice. Phillips moved for a change of venue at the start of the second trial after his counsel saw an article about the case in a local newspaper that was being dispensed outside of the jurors' entrance to the courthouse. The trial court reserved ruling on Phillips's motion until voir dire was completed so that it could assess whether or not the article had prejudiced any potential jurors. At the conclusion of voir dire, the trial court denied Phillips's motion based on the fact that only one of the

---

[11] *Maskivish v. State,* 276 Ga. App. 701, 705 (4) (624 SE2d 160) (2005).
[12] *Michael v. State,* 235 Ga. App. 16, 18 (6) (508 SE2d 426) (1998).
[13] *Brady v. State,* 270 Ga. 574, 575 (3) (513 SE2d 199) (1999).
[14] *Blige v. State,* 211 Ga. App. 771, 772 (1) (440 SE2d 521) (1994).
[15] *Chancey v. State,* 256 Ga. 415, 429 (5) (349 SE2d 717) (1986).
[16] *Coleman v. State,* 237 Ga. 84, 92 (1) (226 SE2d 911) (1976).

prospective jurors had read the subject newspaper article, and that juror had been excused. Thus, the jury selection process did not reveal actual prejudice to a degree that rendered a fair trial impossible. See *Brady*, supra, 270 Ga. at 576 (3); *Fox v. State*.[17] Accordingly, the trial court did not err in denying Phillips's motion for a change of venue.

3. Phillips contends that the trial court erred in denying his motion for directed verdict of acquittal as to the aggravated sexual battery charge. Specifically, he argues that OCGA § 16-6-22.2 (b) violates the Equal Protection Clause of both the Georgia Constitution and the Fourteenth Amendment of the Federal Constitution in that the State is relieved of the burden of proving lack of consent only in circumstances, such as here, where the defendant's alleged victim is a minor. However, although Phillips moved for directed verdict of acquittal on the aggravated sexual battery charge after the State rested, he did so on the ground that the State failed to prove a lack of consent by the victim, and thus that the evidence was insufficient to support his conviction. Phillips did not raise a constitutional challenge to OCGA § 16-6-22.2 (b) until his second amended motion for new trial. "Challenges to the constitutionality of a statute must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury." (Punctuation omitted.) *Kolokouris v. State*.[18] Accordingly, Phillips is barred from raising a constitutional challenge to the aggravated sexual battery statute on appeal. See *Hardeman v. State*.[19]

4. Phillips contends that the trial court erred in denying his motion for new trial based on what he alleged to be several instances of ineffective assistance of counsel. Specifically, Phillips argues that his trial counsel was ineffective in (a) failing to object to evidence relating to the statutory rape charge of which he was previously acquitted; (b) failing to object to witnesses mentioning the previous trial during their testimony; (c) failing to have voir dire of the jurors transcribed; and (d) failing to obtain a ruling on the motion for change of venue.

To establish ineffective assistance of counsel under *Strickland v. Washington*,[20] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result would have been different but for the deficiency. *Mency v.*

---

[17] *Fox v. State*, 266 Ga. App. 307, 311 (7) (596 SE2d 773) (2004).

[18] *Kolokouris v. State*, 271 Ga. 597 (1) (523 SE2d 311) (1999).

[19] *Hardeman v. State*, 272 Ga. 361, 362 (529 SE2d 368) (2000).

[20] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

*State.*[21] "[A] court need not determine whether trial counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiency." *Walker v. State.*[22] We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State.*[23]

(a) Phillips claims that because he was acquitted of statutory rape at his first trial, his trial counsel provided ineffective assistance during his second trial by failing to either file a pretrial motion to exclude any evidence regarding the alleged sexual intercourse that constituted the statutory rape charge or to object at the time such evidence was introduced. However, Phillips did not raise this specific ground in his motion for new trial or in the hearing thereon below. "The failure to raise this specific ground below is a procedural bar to raising that issue now." (Punctuation omitted.) *Kendrick v. State.*[24] See *Baskin v. State;*[25] *Frazier v. State.*[26] Accordingly, this specific claim of ineffective assistance of counsel has been waived.

(b) Phillips claims that his trial counsel was ineffective in failing to object when two different witnesses made reference to the first trial, arguing that such testimony improperly placed his character at issue. At the hearing on Phillips's motion for new trial, trial counsel explained that she did not object to this testimony because she believed that the references to the first trial had only been short remarks made in passing and therefore any objection would only attract more attention from the jury.

"Decisions as to whether to interpose certain objections fall within the realm of trial tactics and strategy and usually provide no basis for reversal of a conviction." *Smith v. State.*[27] Given trial counsel's reasonable explanation for why she chose not to object to the testimony referring to the first trial, we conclude that Phillips cannot establish that counsel's performance was deficient in this instance.

(c) Phillips contends that his trial counsel was ineffective in failing to have voir dire transcribed so as to create a record with which the trial court's denial of his motion for change of venue could be challenged. At the hearing on Phillips's motion for new trial, trial counsel testified that she preserved the right to record any voir dire that concerned challenges for cause and therefore was prepared to

---

[21] *Mency v. State,* 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

[22] *Walker v. State,* 268 Ga. App. 669, 673 (4) (a) (602 SE2d 351) (2004).

[23] *Rose v. State,* 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

[24] *Kendrick v. State,* 269 Ga. App. 831, 836 (7) (605 SE2d 369) (2004).

[25] *Baskin v. State,* 267 Ga. App. 711, 714 (1) (d) (600 SE2d 599) (2004).

[26] *Frazier v. State,* 267 Ga. App. 682, 684 (2) (601 SE2d 145) (2004).

[27] *Smith v. State,* 261 Ga. App. 871, 877 (5) (a) (583 SE2d 914) (2003).

create a record in the event any jurors demonstrated that they had been affected by pretrial publicity. As stated in Division 2, only one juror testified as to seeing a newspaper article concerning the case, and that juror was excused. Given that it was not necessary for voir dire to be recorded, Phillips cannot establish that his trial counsel was deficient in this regard. See *Davis v. State.*[28]

(d) Phillips argues that his trial counsel was ineffective in failing to obtain a ruling from the court on the motion for change of venue and thus potentially waiving any challenge to the court's denial of that motion. However, Phillips did not assert this specific claim of ineffective assistance in any of his motions for new trial or during the hearing on those motions and therefore is barred from asserting this claim now. See *Scieszka v. State.*[29]

Moreover, at the conclusion of voir dire, the trial court specifically stated that based on the fact that only one juror was excused for exposure to pretrial publicity, it was denying Phillips's motion for change of venue. Thus, there was no need for trial counsel to obtain a ruling as one had, in fact, been issued. Accordingly, the trial court did not err in denying Phillips's claims of ineffective assistance of counsel.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MARCH 14, 2007.

*Earnelle P. Winfrey*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas L. Williams, Assistant District Attorney*, for appellee.

---

[28] *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).
[29] *Scieszka v. State*, 259 Ga. App. 486, 488 (2) (578 SE2d 149) (2003).