### S96A1033. YI v. THE STATE.
(475 SE2d 623)

FLETCHER, Presiding Justice.

A jury convicted Chu Young Yi of malice murder in the shooting death of Sun Guen Choi near a karaoke bar in DeKalb County.[1] Yi claims that he was denied effective assistance of counsel because his trial counsel failed to object to testimony on his post-arrest silence, call an exculpatory witness, provide an interpreter for a defense witness, and request a curative instruction during closing arguments. Because Yi has failed to show that trial counsel performed deficiently and prejudiced his defense, we affirm.

1. The state presented evidence that Choi died from a single gunshot wound to the back. The assistant manager of a nearby restaurant testified that he saw eight to ten men fighting in a parking lot

---

[9] *Gerbert*, 219 Ga. App. at 726 (Beasley, C. J., concurring in part and dissenting in part).
[10] See, e.g., *State v. Rustin*, 208 Ga. App. 431 (430 SE2d 765) (1993).
[1] The shooting occurred on July 9, 1993, and Yi was indicted on September 14, 1993. The jury found Yi guilty and the trial court sentenced him to life imprisonment on January 7, 1994. Yi filed a motion for new trial on February 2, 1994; hearings were held on August 22 and December 19, 1995; and the trial court denied the motion on January 25, 1996. Yi filed a notice of appeal on February 20, 1996. The case was docketed on March 27, 1996, and submitted for decision without oral argument on May 20, 1996.

when the defendant walked up and shot the victim twice as he leaned over the back of his car. Although Yi testified that he fired in self-defense as Choi was pulling a pistol out of his car trunk, no other person saw the victim with a weapon. Every eyewitness, including the defendant's friends, testified that Yi had the only weapon that evening. His handgun was recovered, but no other gun was found on the victim, in his car, or in the parking lot. Yi returned to his car after firing his gun and drove off. Police arrested him several days later in Texas. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Yi guilty of malice murder.[2]

2. To establish a claim of ineffective assistance of counsel at trial, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense.[3] In evaluating an attorney's performance, judicial review is highly deferential with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. In considering prejudice, the defendant has the burden of showing a reasonable probability that without counsel's errors the jury would have had a reasonable doubt concerning guilt.

Yi has failed to show that he was denied effective assistance of counsel. First, he fails to show that his trial counsel performed deficiently in failing to call an exculpatory witness, provide an interpreter for another witness, or request a curative instruction during closing arguments. The exculpatory witness told trial counsel that he did not see a second gun at the murder scene; the defense witness communicated adequately despite his request for an interpreter; and the attorney performed within the range of reasonable professional conduct when he did not request a curative instruction after the trial court sustained his objection to the prosecutor's argument.

Second, Yi fails to show that his trial counsel's performance prejudiced him. An investigating officer testified twice at trial that he read the defendant his rights under *Miranda v. Arizona*[4] and the defendant stated that he did not want to talk to police at that time. This testimony was improper, but trial counsel failed to object to it. Even if trial counsel performed deficiently in failing to object, Yi has not shown prejudice. Contrary to the defendant's argument, the prosecutor never referred to the defendant's post-arrest silence during closing argument. More important, no witness or physical evidence corroborated Yi's testimony that he shot the victim in self-defense during mutual combat. Without any evidence to support Yi's self-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

defense theory, he has failed to show that the jury would have reached a different result but for his trial counsel's error. Therefore, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1996 —
RECONSIDERATION DENIED OCTOBER 11, 1996.

*Bruce S. Harvey, Jeffrey P. Manciagli,* for appellant.

*J. Tom Morgan,* District Attorney, *Barbara B. Conroy, Benjamin M. First,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *Allison Goldberg,* Assistant Attorney General, for appellee.