CHU YOUNG YI, Plaintiff,

v.

Ross GEARINGER, Warden, and Herman Johnson, Warden, Defendants.

No. CIV.A. 1:00CV1360TWT.

United States District Court, N.D. Georgia, Atlanta Division.

April 6, 2001.

Chu Young Yi, Macon State Prison, Oglethorpe, GA, pro se.

Shandor S. Badaruddin, Office of Shandor S. Badaruddin, Atlanta, GA, for Chu Young Yi, plaintiff.

Paula K. Smith, Mary Beth Westmoreland, Thurbert E. Baker, Wylencia Hood Monroe, Office of State Attorney General, Atlanta, GA, for defendants.

## ORDER

THRASH, District Judge.

█ This is an pro se Petition for the Writ of Habeas Corpus. It is before the Court on the Report and Recommendation [Doc. 15] of the Magistrate Judge recommending dismissing the Petition. The facts are set forth in the thorough and well reasoned Report and Recommendation, a copy of which is attached hereto as Appendix A. The Court approves and adopts the Report and Recommendation as the judgment of the Court. After the Petition was filed, an attorney entered an appearance on behalf of Petitioner. She filed a timely Objection to the Report and Recommendation. The Objection addresses the most difficult issue in this case. On the first day of trial, a Doraville police officer on two occasions testified without objection that Petitioner was given his Miranda warnings and chose to remain silent.(Transcript, Vol.I, pp. 78–81) [Doc. 13]. This testimony was clearly objectionable under Doyle v. Ohio, 426 U.S. 610, 611, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). It is well established that after Miranda warnings have been given, the government cannot fairly use a defendant's silence against him at trial as evidence of guilt. Wainwright v. Greenfield, 474 U.S. 284, 292, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986) (silence cannot be used as affirmative proof of a fact in issue); Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (Fifth Amendment prohibits prosecutorial comment on defendant's silence); United States v. Rivera, 944 F.2d 1563, 1567 (11th Cir.1991) (silence cannot be used as evidence of guilt). Recent Eleventh Circuit cases on this issue include United States v. Tenorio, 69 F.3d 1103, 1106 (11th Cir.1995) and Hill v. Turpin, 135 F.3d 1411, 1413–14 (11th Cir.1998). In the context of 28 U.S.C. § 2254, this is clearly established law determined by the Supreme Court of the United States.

As noted in the Report and Recommendation, Petitioner raised this claim of ineffective assistance of counsel in his direct appeal to the Georgia Supreme Court. That court held:

Yi fails to show that his trial counsel's performance prejudiced him. An investigating officer testified twice at trial that he read the defendant his rights under Miranda v. Arizona and the defendant stated that he did not want to talk to police at that time. This testimony was improper, but trial counsel failed to object to it. Even if trial counsel performed deficiently in failing to object, Yi has not shown prejudice. Contrary to the defendant's argument, the prosecutor never referred to the defendant's

post-arrest silence during closing argument. More important, no witness or physical evidence corroborated Yi's testimony that he shot the victim in self-defense during mutual combat. Without any evidence to support Yi's self-defense theory, he has failed to show that the jury would have reached a different result but for his trial counsel's error. Therefore, we affirm.

*Yi v. State,* 267 Ga. 171, 172–73, 475 S.E.2d 623 (1996).

■■■ Considered in isolation, the penultimate sentence of the Georgia Supreme Court's opinion might indicate that the court applied the wrong legal standard in evaluating Petitioner's claim of ineffective assistance of counsel. The legal standard for granting relief is a reasonable probability that without counsel's errors the jury would have had a reasonable doubt concerning guilt. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As the United States Supreme Court recently held:

> If a state court were to reject a prisoner's claim of ineffective assistance of counsel on the grounds that the prisoner had not established by a preponderance of the evidence that the result of his criminal proceeding would have been different, that decision would be "diametrically different," "opposite in character or nature," and "mutually opposed" to our clearly established precedent because we held in *Strickland* that the prisoner need only demonstrate a "reasonable probability that ... the result of the proceeding would have been different."

*Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J. writing for the Court in Part II). The penultimate sentence of the opinion of the Georgia Supreme Court would appear to fall squarely within Justice O'Connor's hypothetical. Nevertheless,

earlier in the opinion, the Georgia Supreme Court correctly cited *Strickland* for the rule that "[i]n considering prejudice, the defendant has the burden of showing a reasonable probability that without counsel's errors the jury would have had a reasonable doubt concerning guilt." *Yi,* 267 Ga. at 172, 475 S.E.2d 623. It seems unlikely that the Georgia Supreme Court would articulate the correct standard and then apply an incorrect rule. It is the judgment of this Court that the Georgia Supreme Court applied the correct rule of law in ruling upon the issue of prejudice due to ineffective assistance of counsel.

Notwithstanding this conclusion, this Court has carefully and independently reviewed the transcript of Petitioner's trial to determine whether there was a "reasonable probability" that the outcome would have been different but for the failure of counsel to object to the inadmissible testimony of the officer that Petitioner chose to exercise his right to remain silent. The evidence overwhelmingly pointed to Petitioner's guilt; that evidence is summarized in the Report and Recommendation. The inadmissible evidence consists of 2 sentences in a transcript containing 620 pages of testimony. This is not a case where Petitioner's "silence was the touchstone of the government's case-in-chief, its cross-examination of the defendant, and its closing argument during this trial of short duration." *United States v. Tenorio,* 69 F.3d 1103, 1107 (11th Cir.1995). After the officer's testimony, there was no further reference to Petitioner's silence in the State's direct evidence, cross examination of Petitioner or closing argument. This is not a case where the "repeated and deliberate nature of the prosecution's *Doyle* violations and the significant weaknesses in the state's case" lead to the conclusion that the errors "had a substantial influence in determining the jury's verdict." *Hill v. Turpin,* 135 F.3d 1411, 1416–17 (11th Cir.

1998). Petitioner has not shown a "reasonable probability" that the outcome would have been different but for the failure of counsel to object to the inadmissable testimony of the officer that Petitioner chose to exercise his right to remain silent. The remaining claims are without merit for the reasons stated in the Report and Recommendation. The Petition [Doc. 1] is DISMISSED.

SO ORDERED.

## APPENDIX A

### MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

FELDMAN, United States Magistrate Judge.

The Applicant, Chu Young Yi, an inmate confined at the Macon State Prison in Oglethorpe, Georgia, seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his 1994 malice murder and felony murder convictions under DeKalb County Indictment No. 93–CR–3734–6. [Doc. 1]. Presently before this Court are Yi's Amended Application For a Writ of Habeas Corpus and Briefs in Support [Docs. 1, 9]; and the Respondent's Answer–Response with Supporting Brief and Exhibits [Docs. 13, 14].

The Respondent has filed several exhibits, including:

1. the Applicant's September 19, 1997, State petition for habeas corpus relief (*see Yi v. Johnson,* Case No. 97V–273 (Macon County Superior Court)) (Respondent's Exhibit (hereinafter "RX")–1), which includes the following attached exhibits:

 A. the sentence

 B. the indictment and plea

 C. the verdict

 D. the Georgia Supreme Court's decision in *Yi v. State,* 267 Ga. 171, 475 S.E.2d 623 (1996).

2. the Applicant's August 27, 1998, amended State petition for habeas corpus relief (*see Yi v. Johnson,* Case No. 97V–273 (Macon County Superior Court)) (RX–2);

3. the April 6, 1999, Order issued by the Honorable R. Rucker Smith denying the petition for State habeas corpus relief (RX–3);

4. the Georgia Supreme Court's Order denying the Applicant's Application for a Certificate of Probable Cause to Appeal (RX–4);

5. the transcript of the August 27, 1998, hearing on the State habeas corpus petition in the Macon Superior Court, which includes as exhibits:

 a. the September 23, 1996, Georgia Supreme Court opinion affirming the Applicant's convictions and sentences (RX–5 at 74–76);

 b. the Record on Appeal (RX–5 (hereinafter "R.")), which includes, *inter alia:*

 i. the notice of appeal (R. at 80–1);

 ii. the indictment (R. at 82–4);

 iii. the verdict (R. at 161);

 iv. the sentence (R. at 162);

 v. the January 3, 1994, Motion for New Trial (R. at 163–4); the August 21, 1995, Amended Motion for New Trial (R. at 202–4); and the January 10, 1996, Brief in Support (R. at 232–40) (collectively, hereinafter "MNT");

 vi. the January 25, 1996, Order issued by the Honorable James H. Weeks denying the MNT (R. at 215–18);

 vii. the trial transcript (R. at 241–1093);

 c. the Applicant's Enumeration of Errors to the Georgia Supreme Court (R. at 1100);

 d. the appellate briefs to the Georgia Supreme Court (R. at 1094–1196); and

e. the transcripts of the August 22, 1995, and December 19, 1995, MNT hearings (R. at 1168–1274).

### PART ONE HISTORY OF THE CASE

On September 14, 1993, the DeKalb County Grand Jury indicted the Applicant for one count of malice murder and one count of felony murder. (RX–1, Exh. B). Said indictment charged that on July 9, 1993, the Applicant caused Sun Guen Choi's death by shooting him with a handgun. (*Id.*). Commencing on January 3, 1994, while represented by attorney Gordon Hiles, the Applicant was tried before the Honorable James H. Weeks and a jury. [Doc. 1]. On January 7, 1994, the Applicant was convicted on both counts, and Judge Weeks sentenced him to concurrent life sentences. (RX–1, Exh. "A"). Via attorney Bruce Harvey, the Applicant filed a motion for new trial, an amended motion for new trial, and a brief in support of the amended motion on January 3, 1994, August 22, 1995, and January 10, 1996, respectively. (MNT). Following hearings on August 25, 1995, and December 19, 1995, the MNT was denied on January 26, 1996. (R. at 136–139).

While still represented by Bruce Harvey, the Applicant appealed his convictions and sentences to the Georgia Supreme Court, arguing that trial counsel (Hiles) rendered constitutionally ineffective assistance by failing to:

(1) object when a State's witness commented on the Applicant's post-arrest silence;

(2) call Young Suk Lee as an exculpatory witness;

(3) ask the court to provide an interpreter for a defense witness; and

(4) request a curative instruction regarding the State's "safety to the community" argument.

(R. at 1100). On September 26, 1996, the Georgia Supreme Court affirmed the Applicant's convictions and sentences. *Yi v. State*, 267 Ga. 171, 475 S.E.2d 623 (1996).

In connection therewith, its opinion contained the following Findings of Fact[1]:

The state presented evidence that Choi died from a single gunshot wound to the back. The assistant manager of a nearby restaurant testified that he saw eight to ten men fighting in a parking lot when the defendant walked up and shot the victim twice as he leaned over the back of his car. Although Yi testified that he fired in self-defense as Choi was pulling a pistol out of his car trunk, no other person saw the victim with a weapon. Every eyewitness, including the defendant's friends, testified that Yi had the only weapon that evening. His handgun was recovered, but no other gun was found on the victim, in his car, or in the parking lot. Yi returned to his car after firing his gun and drove off. Police arrested him several days later in Texas.

*Yi*, 267 Ga. at 171–2, 475 S.E.2d at 624. The Georgia Supreme Court also reached the following Conclusions of Law mixed with some additional Findings of Fact:

Yi has failed to show that he was denied effective assistance of counsel. First, he fails to show that his trial counsel performed deficiently in failing to call an exculpatory witness, provide an interpreter for another witness, or request a curative instruction during closing arguments. The exculpatory witness told trial counsel that he did not see a second

---

**1.** Pursuant to 28 U.S.C. § 2254(e)(1), these findings of fact are entitled to a presumption of correctness and may only be overcome if the habeas corpus applicant shows by clear and convincing evidence that the findings are incorrect. As shown hereafter, the Applicant has not met his burden.

gun at the murder scene; the defense witness communicated adequately despite his request for an interpreter; and the attorney performed within the range of reasonable professional conduct when he did not request a curative instruction after the trial court sustained his objection to the prosecutor's argument.

Second, Yi fails to show that his trial counsel's performance prejudiced him. An investigating officer testified twice at trial that he read the defendant his rights under *Miranda v. Arizona* and the defendant stated that he did not want to talk to police at that time. This testimony was improper, but trial counsel failed to object to it. Even if trial counsel performed deficiently in failing to object, Yi has not shown prejudice. Contrary to the defendant's argument, the prosecutor never referred to the defendant's post-arrest silence during closing argument. More important, no witness or physical evidence corroborated Yi's testimony that he shot the victim in self-defense during mutual combat. Without any evidence to support Yi's self-defense theory, he has failed to show that the jury would have reached a different result but for his trial counsel's error.

*Yi,* 267 Ga. at 172–3, 475 S.E.2d at 625.

On September 19, 1997, the Applicant, represented by attorneys Billy Spruell and Robert Citronberg, filed a petition for a State writ of habeas corpus in the Superior Court of Macon County. (RX–1). The Applicant's State habeas corpus petition raised the following grounds:

(1) trial counsel (Hiles) rendered constitutionally ineffective assistance by failing to:

 (a) conduct an adequate pretrial investigation and interview witnesses;

 (b) call an exculpatory witness;

 (c) file sufficient pretrial motions;

 (d) conduct an adequate examination of potential jurors, and object to several venire persons who could not impartially determine the facts of the case;

 (e) confront adequately the State's witnesses at trial, including failing to object to testimony of the police officer that the Applicant exercised his right to remain silent following arrest;

 (f) object when the State used the police officer's comment on the Applicant's post-arrest silence throughout the trial;

 (g) inquire of the Applicant about the State's allegation that he threatened witnesses during the trial;

 (h) utilize a translator to assist a defense witness with his testimony;

 (i) object to hearsay and testimonial evidence;

 (j) object to the prosecutor's improper closing argument, which included a statement that the Applicant was "laughing" about the crime;

 (k) give closing arguments which adequately exposed the shortcomings of the State's case;

 (*l*) request a curative instruction regarding the State's "safety of the community" argument;

 (m) raise and preserve proper objections to charges with regard to malice; and

 (n) request materials pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963);

(2) The prosecutor engaged in misconduct in violation of the Applicant's Fifth, Fourteenth, and Sixth Amendment rights to due process, fair trial, and against self-incrimination by:

(a) making prejudicial remarks during opening statements;

(b) making prejudicial arguments at the close of the trial (that the Applicant was "laughing" during his testimony, and the "safety of the community" argument);

(c) eliciting circumstances of the Applicant's invocation of his right to remain silent, and commenting thereon during closing arguments;

(3) Trial Counsel was constitutionally ineffective for failing to request a continuance or adequately prepare following the discovery of the bullet hole evidence; and

(4) Appellate counsel was constitutionally ineffective when he failed to raise the trunk issue and supporting testimony thereto.[2]

(RX–1, 2).

On August 27, 1998, the Honorable R. Rucker Smith held an evidentiary hearing, at which the Reverend Keun Tai Kim (pastor at the Applicant's mother's church), Young Suk Lee (friend of the Applicant), Roger Kim (friend of the Applicant), Gordon Hiles (the Applicant's trial counsel), and the Applicant testified. (RX–3). On April 6, 1999, Judge Smith entered a comprehensive Order (RX–3) denying relief, which Order included the following Findings of Fact:

(1) The Applicant was represented at trial by Gordon Hiles.

(2) Following the Applicant's judgment of conviction, the Applicant was represented by new counsel, Mr. Bruce Harvey, who filed an amended motion for new trial and brief in support.

(3) A hearing on the Applicant's amended motion for new trial was held

before the Superior Court of DeKalb County on August 22, 1995.

(4) An evidentiary hearing was later held before the Superior Court of DeKalb County on December 19, 1995, wherein the Applicant's trial counsel testified and was subject to cross-examination.

(5) The Applicant also called Mr. Young Suk Lee who testified at the December 19, 1995, evidentiary hearing on the Applicant's behalf.

(6) By and through his new attorney, Mr. Bruce Harvey, the Applicant raised on direct appeal the following claims of ineffective assistance of trial counsel, in that trial counsel failed to:

(a) call an exculpatory witness, Young Suk Lee, who would have supported the Applicant's defense;

(b) object to testimony that the Applicant exercised his right to remain silent;

(c) utilize a translator for a witness;

(d) object to a witness' comment and closing argument regarding the Applicant's post-arrest silence; and

(e) request a curative instruction regarding the "safety of the community" argument.

(7) The Georgia Supreme Court rejected the above-enumerated five claims of ineffective assistance of counsel after reviewing the Applicant's allegations under the two-prong test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

(RX–2).

---

**2.** These last two claims were raised in the Applicant's amended State habeas petition.

(8) The other nine claims of ineffective assistance of trial counsel that were alleged in the Applicant's first ground of his State habeas corpus petition were not raised on direct appeal.

(9) The record is devoid of evidence that the Applicant's appellate counsel was in any way restricted to raising only those specific claims of ineffective assistance of counsel alleged in the Applicant's direct appeal.

(10) The Applicant did not allege that appellate counsel was ineffective for failing to raise the other ineffective assistance of trial counsel claims.

(11) The Applicant's second ground for relief alleging prosecutorial misconduct was not raised on his direct appeal, though the underlying facts were raised in the context of a Sixth Amendment ineffective assistance of counsel claim.

(12) The Supreme Court of Georgia found no reversible error in the Sixth Amendment context with regard to the facts underlying the Applicant's second ground for relief (prosecutorial misconduct).

(13) The Applicant's third ground for relief claiming that trial counsel rendered ineffective assistance, when he failed to request a continuance or adequately prepare based on discovery of the bullet hole evidence, was not raised on the Applicant's direct appeal.

(14) The record demonstrates that the "trunk issue" was substantially explored at the hearing on the Applicant's MNT.

(15) The Applicant did not present any evidence in support of his fourth ground for relief that appellate counsel should not have abandoned the "trunk issue" on appeal, but merely argued that submission of the "trunk issue" would have supported his defense of justification.

(16) Appellate counsel advised the Georgia Supreme Court in his statement of facts that the victim "ran to his car and opened the trunk."

The State habeas corpus court made the following conclusions of law:

(1) The Applicant had a full and fair opportunity to examine his trial attorney and raise any and all claims of ineffective assistance of trial counsel at the hearing for his MNT.

(2) Those claims of ineffective assistance of counsel, previously raised on appeal, may not be relitigated in State habeas corpus.

(3) Whereas the Applicant retained new counsel for his amended motion for new trial and direct appeal and did not raise all the claims of ineffective assistance of trial counsel that were raised in the State habeas corpus petition, the new claims are procedurally defaulted.

(4) The Applicant failed to demonstrate with regard to the newly raised ineffective assistance of counsel claims that:

(a) there existed any objective factor external to the defense that impeded his effort to raise them;

(b) appellate counsel was otherwise ineffective for failing to raise those claims; or

(c) any of the new ineffective assistance of counsel claims are meritorious and would have warranted setting aside the Applicant's judgment on appeal.

(5) The mere fact that the Applicant's new appellate counsel did not raise the new claims of ineffective assistance of trial counsel does not consti-

tute sufficient cause to excuse the procedural default.

(6) The Applicant's claims that the prosecutor engaged in misconduct that violated his constitutional rights is procedurally defaulted, and the Applicant failed to demonstrate the requisite cause and prejudice necessary to overcome the procedural default.

(7) Whereas the Applicant was represented by new counsel on appeal and it was not raised that trial counsel was ineffective for failing to request a continuance or adequately prepare after discovering the bullet hole evidence, the claim is procedurally defaulted, and the Applicant has not demonstrated the requisite cause and prejudice to overcome the procedural default.

(8) The Applicant alleged no claim so significant that only an incompetent appellate attorney would have failed to raise in the direct appeal.

(9) The Applicant failed to demonstrate any meritorious claim that would have mandated a reversal of his conviction had it been raised in the Applicant's direct appeal.

(10) Even assuming the Applicant's allegation that the "trunk issue" established that the victim's trunk was open and therefore supported his defense at trial, the bullet hole evidence is cumulative of that issue where the testimony at trial supported the Applicant's claim that "the trunk was open."

(*Id.*). On May 2, 2000, the Georgia Supreme Court denied the Applicant's Application for a Certificate of Probable Cause to Appeal the denial of his petition for State habeas corpus relief. (RX–4).

The Applicant initially filed the instant application *pro se.* [Doc. 1]. He is presently represented by attorney Shandor Badaruddin, who assisted him with the brief in support of his initial *pro se* application, and filed an amended application and brief in support thereof on November 13, 2000. [Doc. 5]. The Applicant asserts the following grounds for relief:

(1) trial counsel rendered constitutionally ineffective assistance by failing to:

 (a) conduct a pretrial investigation and interview witnesses (Ground 1);

 (b) call exculpatory witnesses (Ground 1);

 (c) file pretrial motions (Ground 1);

 (d) properly *voir dire* the jury (Ground 1);

 (e) retain a translator (Ground 1); .

 (f) object to hearsay and testimonial evidence (Ground 1);

 (g) object to the police officer's testimony (Ground 1);

 (h) object to improper closing argument (Ground 1);

 (i) request a *Brady* motion (Ground 1);

 (j) preserve any objections (Ground 1);

 (k) act as an advocate and to present evidence of the Applicant's innocence at trial (Ground 6)[3]; and also for

 (*l*) allowing the State to argue that the Applicant's choice to remain silent at his arrest and after Miranda

---

**3.** The Applicant raised this claim solely as a violation of due process. This claim is, however, an additional allegation of ineffective assistance of counsel, and this Court will treat it as such.

warnings was evidence of guilt (Ground 4);

(2) the Applicant was denied his Fifth, Fourteenth, and Sixth Amendment rights to due process rights, fair trial, and against self-incrimination when the prosecutor made prejudicial remarks concerning the safety of the community as well as the Applicant's post-arrest silence (Ground 2);

(3) the Applicant's right to remain silent was violated when the prosecutor elicited evidence from the police officer that the Applicant refused to make a statement (Ground 3);

(4) the Applicant was denied his Sixth Amendment right to a fair trial when the State argued that the jury should convict the Applicant in order to ensure safety to the community (Ground 5);

(5) appellate counsel was constitutionally ineffective by failing to raise as error that trial counsel did not effectively argue and present evidence of the Applicant's sole defense of self-defense (Ground Seven).[4]

## PART TWO ISSUES

1. *WHETHER THE APPLICANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, OTHER THAN THOSE ALLEGATIONS RAISED IN HIS STATE HABEAS CORPUS PETITION, ARE UNEXHAUSTED BUT PROCEDURALLY BARRED.*

2. *WHETHER THE APPLICANT'S CLAIMS THAT THE PROSECUTOR VIOLATED HIS RIGHTS TO DUE PROCESS, FAIR TRIAL, AND AGAINST SELF–INCRIMINATION ARE UNEXHAUSTED BUT PROCEDURALLY BARRED.*

3. *WHETHER THE APPLICANT'S CLAIMS FOR INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, OTHER THAN THOSE ISSUES RAISED IN HIS STATE HABEAS CORPUS PETITION, ARE UNEXHAUSTED BUT PROCEDURALLY BARRED.*

4. *WHETHER THE APPLICANT RECEIVED CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.*

5. *WHETHER THE APPLICANT RECEIVED CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.*

## PART THREE FINDINGS OF FACT

1. This Court adopts as its First Finding of Fact the foregoing History of The Case.

2. The Applicant was represented at trial by Gordon Hiles, at MNT and on appeal by Bruce Harvey, and on the State habeas corpus petition by Billy Spruell and Robert Citronberg.

3. The Applicant did not raise in his direct appeal his claims presented above as: Grounds 1(a), 1(c), 1(d), 1(f), 1(h), 1(i), 1(j) (alleged in the Applicant's Ground One); 1(k) (alleged in the Applicant's Ground Six); 1(*l*) (alleged in the Applicant's Ground Four); Ground 2 (alleged in the Applicant's Ground Two); Ground 3 (alleged in the Applicant's Ground Three); Ground 4 (alleged in the Applicant's Ground Five); and Ground 5 (alleged in the Applicant's Ground Seven).

4. The Applicant did not raise in his direct appeal or in his State habeas corpus petition the claims presented above as

**4.** To the extent that the Applicant alleges that these actions also violate his rights under the Georgia constitution, he does not state a Federal claim for habeas relief pursuant to 28 U.S.C. § 2254(a).

Grounds 1(k), and the portion of Ground 5 that appellate counsel was constitutionally ineffective when he did not argue that trial counsel failed to present the Korean cultural significance of removing one's clothes.

5. This Court adopts the Findings of Fact made by the Georgia Supreme Court, as the Applicant has not met his burden of showing by clear and convincing evidence that these findings are incorrect.

6. This Court adopts the Findings of Fact made by the Macon County Superior Court, as the Applicant has not met his burden by showing by clear and convincing evidence that these findings are incorrect.

**PART FOUR CONCLUSIONS OF LAW**

**A. Standard of Review**

This Court cannot grant the Applicant's Federal application for a writ of habeas corpus unless the State court's adjudication:

 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A district court evaluating a habeas corpus application under 28 U.S.C. § 2254(d) "should survey the legal landscape at the time the State court adjudicated the [applicant's] claim to determine the applicable Supreme Court authority; the law is clearly established if Supreme Court precedent would have compelled a particular result in the case." *Neelley v. Nagle,* 138 F.3d 917 (11th Cir.1998) (referencing language in *Glock v. Singletary,* 65 F.3d 878, 884 (11th Cir.1995), *cert. denied,* 519 U.S. 1044, 117 S.Ct. 616, 136 L.Ed.2d 540 (1996)); *cert. denied,* 525 U.S. 1075, 119 S.Ct. 811, 142 L.Ed.2d 671 (1999).

A State court decision is "contrary to" when it "applies a rule that contradicts the governing law set forth in our [Supreme Court of the United States] cases." *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000). "A state-court decision will also be contrary to this [Supreme] Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Id.* at 406, 120 S.Ct. at 1519–20.

The *Williams* Court held "that when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case, a Federal court applying § 2254(d)(1) may conclude that the state-court decision falls within the provision's 'unreasonable application' clause." *Id.* at 409, 120 S.Ct. at 1521. *Williams* also held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*

**B. Several of the Applicant's Claims are Unexhausted but Procedurally Defaulted.**

The Applicant claims that he was denied the constitutionally effective assistance of trial counsel when his trial attorney failed to: (1) conduct a pretrial investigation and interview witnesses; (2) call exculpatory witnesses; (3) file pretrial motions; (4) properly *voir dire* the jury; (5) retain a translator; (6) object to hearsay and testimonial evidence; (7) object to the police officer's testimony; (8) object to improper closing argument; (9) request a *Brady*

motion; (10) preserve issues for appeal; (11) present evidence of the Applicant's innocence; and when he (12) allowed the State to argue that the Applicant's post-arrest silence was evidence of his guilt. The Respondent submits that the State habeas corpus court declined to address the merits of the first, third, fourth, sixth, eighth, ninth, tenth, and twelfth issues as enumerated above, because the Applicant did not raise them on direct appeal. [Doc. 13]. The Respondent further submits that the Applicant has never raised the eleventh issue in the State courts. [*Id.*]

The Applicant further alleges that his Fifth, Fourteenth, and Sixth Amendment rights to due process, fair trial, and against self-incrimination were violated when the prosecutor: (1) commented about "safety to the community" and the Applicant's post-arrest silence during opening statements (Ground Two); (2) elicited testimony from the police officer about the Applicant's post-arrest silence (Ground Three); and (3) argued safety to the community in closing arguments (Ground Five). The Respondent submits that the State habeas corpus court declined to address the merits of these grounds for relief, because the Applicant failed to raise them on direct appeal. [Doc. 13].

Finally, the Applicant claims that appellate counsel was ineffective because he did not argue on appeal that trial counsel failed to present evidence of self-defense. In his supporting brief, the Applicant defines this evidence to be (1) the symbolic significance of the victim removing his shirt; and (2) the "trunk issue," which encompasses the bullet hole found inside of the trunk. The Respondent submits that this ground was never raised in the State courts. [Doc. 13].

**1. The Rules Regarding Exhaustion and Procedural Default.**

Pursuant to 28 U.S.C. § 2254(b)(1), a district court may not grant an application for a writ of habeas corpus unless:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

As a matter of comity, State courts must be afforded a fair opportunity to hear claims raised in a Federal habeas corpus application which challenge an applicant's custody pursuant to a State court judgment. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In order for a State prisoner to satisfy the exhaustion requirement, he must present his claims to the highest State court via a petition for discretionary review when such review is part of the ordinary appellate procedure of the State, otherwise a procedural default occurs. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845–48, 119 S.Ct. 1728, 1733–34, 144 L.E.2d 1 (1999).

This Court's authority to collaterally review State criminal convictions pursuant to writs of habeas corpus is severely restricted when an applicant has failed to follow applicable State procedural rules in raising procedurally defaulted claims. Federal habeas corpus review of a convicted State prisoner's claims is barred by the procedural default doctrine if the last State court to review the claim clearly and expressly states that its decision relies on an independent State procedural bar, *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), and that State procedural bar provides an ade-

quate and independent State ground for denying relief. *Harris,* 489 U.S. at 262, 109 S.Ct. 1038. This doctrine serves to ensure that State prisoners will first seek relief in accordance with available State procedures, *see Presnell v. Kemp,* 835 F.2d 1567, 1578–79 (11th Cir.1988), *cert. denied,* 488 U.S. 1050, 109 S.Ct. 882, 102 L.Ed.2d 1004 (1989), and to "lessen the injury to a State that results through reexamination of a State conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

 Furthermore, claims raised for the first time in a Federal habeas application, although not technically exhausted, nonetheless may be deemed exhausted for the purpose of 28 U.S.C. § 2254(b), when it would be clear that the State courts would refuse to consider the new claims because they previously had never been raised. *Teague v. Lane,* 489 U.S. 288, 297–98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Castille,* 489 U.S. at 351–52, 109 S.Ct. at 1060; *Chambers v. Thompson,* 150 F.3d 1324 (11th Cir.1998). The claims would thus be procedurally defaulted. Pursuant to O.C.G.A. § 9–14–51, Georgia law requires that, under most circumstances, any claims not raised in an initial State habeas corpus petition may not be raised in a successive petition. *Chambers,* 150 F.3d 1324.

 A Federal court is precluded from hearing the merits of procedurally barred claims absent a showing of (1) cause for the default and actual prejudice growing out of the alleged violation of Federal law, or (2) a resulting fundamental miscarriage of justice if the Federal court does not consider the claims. *Wainwright v. Sykes,* 433 U.S. 72, 81–88, 97 S.Ct. 2497, 2503–2507, 53 L.Ed.2d 594 (1977). To establish cause, the applicant must show that some objective factor external to the de-

fense impeded his or counsel's efforts to comply with the State's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). To show prejudice, the applicant must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *McCoy v. Newsome,* 953 F.2d 1252, 1261 (11th Cir.), *cert. denied,* 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992). The procedural bar also may be excused if the applicant is actually innocent, so that the habeas corpus court's failure to review his claims would result in a fundamental miscarriage of justice. *Murray,* 477 U.S. at 496, 106 S.Ct. 2639; *see also Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640, 669 (1991).

**2. Several of the Applicant's Claims of Ineffective Assistance of Counsel are Unexhausted but Procedurally Barred.**

 The record reflects that the Applicant was not represented by the same counsel on appeal as at trial. Under Georgia law, "[n]ew counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review." *White v. Kelso,* 261 Ga. 32, 401 S.E.2d 733, 734 (1991). All claims of ineffective assistance of trial counsel, therefore, must have been raised on direct appeal because it was the Applicant's first opportunity to do so. On appeal, however, Applicant's counsel did not argue that trial counsel was ineffective for failing to do the following (as enumerated above): (1) conduct a pretrial investigation and interview witnesses; (3) file pretrial motions; (4) properly *voir dire* the jury; (6) object to hearsay and testimonial evidence; (8) object to improper closing argument; (9) request a *Brady* motion; (10) preserve any objections; or that he (12) allowed the State to argue that the Applicant's post-

arrest silence was evidence of his guilt. (RX–8 at 1100). The State habeas corpus court found that the Applicant would be foreclosed from raising them because they are procedurally defaulted. (RX–3 at 5–6).

The Applicant asserted, for the first time, the above-stated claims in his State habeas corpus petition. The State habeas corpus court explicitly refused to consider the merits thereof because they were not raised on his direct appeal. (RX–3 at 4–5). As the State habeas corpus court clearly and expressly relied upon this independent and adequate State procedural ground, the Applicant must demonstrate both cause and prejudice, or a fundamental miscarriage of justice (*i.e.*, actual innocence) to excuse the resulting procedural default. *Harris, supra,* at 262, 109 S.Ct. 1038.

 The Applicant has failed to allege that some objective, external impediment prevented him from raising these claims for ineffective assistance of trial counsel on direct appeal. He also failed to do so at the State level: the State habeas corpus court specifically found that "the record is devoid of evidence that appellate counsel was in any way restricted to raising only those specific claims of ineffective assistance of counsel alleged in [Applicant's] direct appeal." (RX–3 at 4–5). For this reason, the Court finds that the Applicant has failed to show cause. Accordingly, this Court need not consider whether he can demonstrate actual prejudice from the alleged constitutional violations. *McCleskey v. Zant,* 499 U.S. 467, 502, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

The Applicant also has not demonstrated that this Court's failure to hear his claims will result in a fundamental miscarriage of justice (*i.e.,* actual innocence). *See McCoy v. Newsome,* 953 F.2d at 1262.

The Applicant raises for the first time in this application an argument that his trial counsel was ineffective because he did not present evidence of the Applicant's inno-

cence at trial. [Ground Six]. This claim, having never been presented to the State courts, is unexhausted. However, because the Applicant would now be prohibited from raising it in State court, this Court deems this claim exhausted but procedurally defaulted for the purpose of 28 U.S.C. § 2254(b), and again the Applicant has failed to allege cause, prejudice, or any miscarriage of justice that will occur if this Court does not review this claim.

 This Court notes that within this ground for relief, the Applicant also claims, for the first time, that trial counsel "failed to act as an advocate" based on an "accumulation of errors." This claim is also unexhausted. In an attempt to excuse the resulting Federal procedural bar, the Applicant argues, as "cause," that he did not raise this claim in State court because Georgia law does not "recognize" this alleged doctrine. This Court renders no opinion as to whether there exists such a doctrine, or whether Georgia law recognizes it. "Assuming without deciding," therefore, that the Applicant's assertion is true, futility of presenting a constitutional claim to the State courts cannot alone constitute cause to excuse a State procedural default. *Engle v. Isaac,* 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982); *Waldrop v. Jones,* 77 F.3d 1308, 1315 (11th Cir.1996). If the Applicant perceived that there was a constitutional claim that "might find favor in the federal courts, he may not bypass the State courts simply because he thinks they would be unsympathetic to the claim." *Engle,* 456 U.S. at 130, 102 S.Ct. at 1573. Thus, even if Georgia law does not recognize the "accumulation of errors" doctrine, that cannot constitute cause for the Applicant's failure to raise the claim. Since the Applicant has failed to demonstrate cause, prejudice, or that this Court's failure to hear this claim

will result in a miscarriage of justice, this Court cannot review it on the merits.

The procedural default, therefore, bars this Court from considering the above enumerated claims for relief.

### 3. Grounds Two, Three, and Five of the Application are Unexhausted But Procedurally Defaulted.

 As discussed above, because the Applicant failed to raise any claims of prosecutorial misconduct on direct appeal, the State habeas corpus court specifically declined to reach their merits. (RX–3 at 7). Thus, for the reasons stated above, these claims are technically unexhausted but procedurally defaulted. Because the Applicant does not attempt to show cause or prejudice to excuse this procedural bar, or that a miscarriage of justice would occur if these claims were not examined, this Court similarly cannot examine them on the merits.

### 4. A Portion of the Applicant's Claim for Ineffective Assistance of Appellate Counsel is Unexhausted But Procedurally Barred.

In his seventh ground for relief, the Applicant claims that he was denied the effective assistance of appellate counsel because counsel abandoned a claim that trial counsel was ineffective for failing to effectively present and argue certain evidence of "self-defense." This "evidence" seems to be threefold: (1) the "trunk issue;" (2) the "bullet hole" issue; and (3) the Korean cultural significance of removing one's clothes. [Doc. 11]. Though the Applicant raised the first and second issues in his State habeas corpus petition and therefore they may be considered in this Court on the merits, the third issue was never mentioned as a ground for relief. (RX–2, R. at 71–2). Pursuant to Georgia's successive

petition rule, the Applicant would now be prohibited from raising this claim in State court. Accordingly, this Court deems it technically exhausted but procedurally defaulted for the purpose of 28 U.S.C. § 2254(b). This Court cannot review the merits thereof, because the Applicant has not demonstrated cause or prejudice, or that this Court's failure to do so will cause a miscarriage of justice.

### C. The Applicant Received Constitutionally Effective Assistance of Trial Counsel.

The Applicant claims that trial counsel was ineffective for failing to: (1) call Young Suk Lee, an exculpatory witness; (2) object to the police officer's testimony regarding the Applicant's post-arrest silence; and (3) retain a translator.

 The standard for evaluating ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The analysis is two-pronged.[5] An applicant must first show that "in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066. A court analyzing *Strickland's* first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065; *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir.1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate . . . ."), *cert. denied*, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.Ed.2d 865 (1995). "In practice this means that courts will not find that an attorney is incompetent for using a particular approach to a case so

---

5. However, courts need not address both these prongs "if the defendant makes an in-

sufficient showing on one." *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

long as that approach was reasonable." *Harich v. Dugger,* 844 F.2d 1464, 1469 (11th Cir.1988), *cert. denied,* 489 U.S. 1071, 109 S.Ct. 1355, 103 L.Ed.2d 822 (1989); *see also Waters v. Thomas,* 46 F.3d 1506, 1512 (11th Cir.1995) (en banc), *cert. denied,* 516 U.S. 856, 116 S.Ct. 160, 133 L.Ed.2d 103 (1995) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

In order to meet the second prong of *Strickland,* an applicant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. That is, the Applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

▬ Strategic decisions (trial tactics) based on informed choices rarely provide a basis for a determination of ineffective assistance. *Williams v. Kemp,* 846 F.2d 1276 (11th Cir.1988), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1836, 108 L.Ed.2d 965 (1990). This Court is not to second-guess an attorney's strategy, but rather to see if that strategy was reasonable. *Zamora v. Dugger,* 834 F.2d 956 (11th Cir.1987). Finally, with regard to prejudice, speculation is insufficient; an applicant must present evidence showing that he suffered "specific instances of actual prejudice." *Aldrich v. Wainwright,* 777 F.2d 630, 634 (11th Cir. 1985), *cert. denied,* 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 297 (1986).

**1. The Georgia Supreme Court's Conclusion that Trial Counsel Was Not Ineffective For Failing to Call Young Suk Lee Was Not Unreasonable.**

The Applicant contends that trial counsel was ineffective for not calling Young Suk Lee, who would have testified that immediately prior to the time that the Applicant discharged his firearm, the victim retrieved a small black object from the trunk of his car, and that this object may have been a pistol. [Doc. 9].

▬ The Georgia Supreme Court found that "[t]he exculpatory witness told trial counsel that he did not see a second gun at the murder scene...." *Yi v. State,* 267 Ga. at 172, 475 S.E.2d at 625. This conclusion is supported by the record. The Applicant's trial counsel, Gordon Hiles, testified at the MNT hearing that he had understood from the Applicant that Lee could testify that he saw the victim with a gun. (R. at 1205). Hiles interviewed Lee approximately two or three times. (*Id.*). Despite the Applicant's story, however, Lee told Hiles that he actually did not see the victim with a gun. (*Id.*). Hiles decided not to call Lee as a witness because he thought that Lee could make matters worse for the Applicant, because Lee might have perjured himself and would not have withstood vigorous cross-examination. (R. at 41–2, 60). That trial counsel made a reasonable, tactical decision not to call Lee as a witness was not an unreasonable application of the facts, and the Applicant has failed to show otherwise.

The Applicant also has failed to demonstrate that he was prejudiced by any such error. Given the possible detrimental effect of Lee taking the stand, the Applicant certainly has not shown that there is a "reasonable probability that, but for counsel's [failing to call Lee] ..., the result of the proceeding would have been different."

*Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Thus, the Georgia Supreme Court's conclusion that the Applicant was not provided with ineffective assistance of trial counsel on this ground was not based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(2). This Court also finds that the Georgia Supreme Court's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

2. **The Georgia Supreme Court's Decision That Trial Counsel Was Not Ineffective For Failing to Retain an Interpreter Was Not Unreasonable.**

■ Next, the Applicant claims that trial counsel was ineffective because he did not provide a translator for Chae Kyun Kim, a defense witness who would have testified that the victim was the aggressor. The Georgia Supreme Court found that "the defense witness communicated adequately despite his request for an interpreter...." *Yi v. State,* 267 Ga. at 172, 475 S.E.2d at 625. This Court finds that this determination was a reasonable interpretation of the record. Indeed, the record reflects that a translator was present in the courtroom if any witness needed assistance, though not utilized during Kim's testimony. (R. at 1204). Kim's testimony still conveyed the Applicant's theory of self-defense, however, because he testified that he saw the victim reach into his trunk and attempt to grab "something small," even after the Applicant yelled "stop!" (R. at 967–8). Kim also testified that the victim took off his shirt and yelled that he was going to kill everybody. (R. at 969). Given this testimony, the Applicant has failed to show how he was prejudiced because Kim was not provided with a trans-

lator. "Assuming without deciding" that this constituted error on the part of trial counsel, the Applicant neglects to demonstrate that there is a "reasonable probability that, but for counsel's [failure to use an interpreter] ..., the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Thus, the Georgia Supreme Court's conclusion on this ground was not based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(2). Nor was the Georgia Supreme Court's decision "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

3. **It Was Not Unreasonable For the Georgia Supreme Court to Conclude That Although Trial Counsel Did Not Object to Testimony About the Applicant's Post–Arrest Silence, Counsel Was Not Constitutionally Ineffective.**

Finally, the Applicant contends that trial counsel was ineffective for failing to (1) object to the police officer's testimony regarding his post-arrest silence, or (2) object to the prosecutor's alleged use thereof during closing argument. [Doc. 11]. The Georgia Supreme Court specifically made a Finding of Fact that, "[c]ontrary to [the Applicant's] argument, the prosecutor never referred to the defendant's post-arrest silence during closing argument." *Yi v. State,* 267 Ga. at 172, 475 S.E.2d at 625. The Court finds that this conclusion is supported by the record, and the Applicant has not met his burden of overriding the presumption that it is correct. Thus, this Court need not address the claim that trial counsel was constitutionally effective for failing to object thereto.

The Applicant argues that the Georgia Supreme Court's decision is contrary to, and an unreasonable application of, the United States Supreme Court's decision in *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In *Doyle*, the Supreme Court held that "the use for impeachment purposes of petitioner's silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. at 619, 96 S.Ct. at 2245. In this ground for relief, the Applicant does not allege that the prosecutor used the Applicant's post-arrest silence for impeachment purposes in violation of his rights to due process.[6] Rather, the Applicant's argument relies upon trial counsel's alleged ineffective assistance for failing to object to the police officer's testimony. Thus, in determining whether the Georgia Supreme Court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," the appropriate Federal law to which this Court must turn is the standard enunciated in *Strickland v. Washington, supra*.

Even if trial counsel's failure to object was professionally unreasonable, the Applicant has failed to demonstrate how he was prejudiced thereby. The police officer's references to his post-arrest silence were non-responsive to any question asked by the prosecutor, and consisted of two sentences out of the approximately 1000-page trial transcript in this case. Moreover, the State's evidence of guilt in this case was overwhelming. Several State witnesses and defense witnesses, including the Applicant, testified that the Applicant was involved in an altercation with several other people, that he began hitting people with a baseball bat, that no one else had a bat or weapon during the fight, that the victim went to the trunk of his car, and that while at the trunk of his car with his back to the Applicant, the Applicant shot him in the back, fatally wounding him. The only person that testified that the victim was retrieving a gun was the Applicant; no other witnesses, including defense witnesses, saw the victim with any type of weapon, and no weapons were found on the scene or in the victim's car or trunk. After the shooting the Applicant fled to Texas. (*See generally*, R. at 241–1093). After hearing this evidence, the jury rejected the Applicant's theory of self-defense, and the Applicant has not shown that there is a "reasonable probability that, but for counsel's [failure to object to the police officer's testimony as to his post-arrest silence] . . ., the result of the proceeding [jury's verdict] would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

The Georgia Supreme Court found that "[e]ven if trial counsel performed deficiently in failing to object, Yi has not shown prejudice," and that "[n]o witness or physical evidence corroborated Yi's testimony that he shot the victim in self-defense during mutual combat." *Yi v. State*, 475 S.E.2d at 625. This Court finds that this conclusion is wholly supported by the record, and that the Georgia Supreme Court did not base its findings "on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(2). This Court also finds that the Georgia Supreme Court's conclusion that the Applicant was not provided with ineffective assistance of trial counsel for his failure to object to the police officer's testimony was "not contrary to, or involved an unreasonable application of, clearly established

---

6. Although the Applicant did allege due process violations by the prosecutor eliciting this testimony from the police officer, that issue is procedurally barred as discussed above in *Part Four B.3*.

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## D. The State Habeas Corpus Court Did Not Unreasonably Conclude that the Applicant Received Constitutionally Effective Assistance of Counsel on Appeal.

The Applicant also contends that he received the ineffective assistance of appellate counsel, for abandoning on appeal that trial counsel did not effectively argue self-defense. The Applicant further contends that had appellate counsel identified for the Georgia Supreme Court that there was physical evidence of a bullet hole found in the victim's trunk, and that this evidence corroborated the Applicant's theory of self-defense, the Georgia Supreme Court would not have arrived at its conclusion that no witness or physical evidence corroborated the Applicant's testimony that he shot the victim in self-defense during mutual combat.

Ineffective assistance of counsel on appeal claims are viewed under the standards of *Strickland v. Washington, supra.* To succeed on a claim of ineffective assistance of appellate counsel, as on a claim of ineffective assistance of trial counsel, a petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■■■ The courts recognize that trained counsel has a superior ability in the "examination into the record, research of the law, and marshaling of argument on the appellant's behalf." *Douglas v. California,* 372 U.S. 353, 358, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Consequently, counsel is not required to raise even "nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v.*

*Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Plainly, the hallmark of effective appellate advocacy is the ability to "winnow out weaker arguments on appeal and [focus] . . . on 'those more likely to prevail' . . ." *Smith v. Murray,* 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434, 445 (1986).

Even if the Applicant could have overcome the "strong presumption" that appellate counsel's tactical decision falls within the "wide range of professional reasonable assistance," he simply has not shown that he was prejudiced thereby. In rejecting the Applicant's claim of ineffective assistance of appellate counsel, the State habeas corpus court held that "even assuming Petitioner's allegation that the 'trunk issue' established that the victim's trunk was open and therefore supported his defense at trial, . . . the bullet hole evidence is cumulative of that issue where testimony at trial supported Petitioner's claim that 'the trunk was open . . . . ,' " and that "Appellate counsel advised the Supreme Court of Georgia in his statement of facts that the victim 'ran to his car and opened the trunk.' " (RX–3 at 11.) Thus, the Applicant "failed to direct this Court to any meritorious claim that would have mandated a reversal of his conviction had it been raised on direct appeal." (*Id.*).

■■■ As the State habeas corpus court pointed out, even assuming that the bullet hole corroborated the Applicant's theory of self-defense, such evidence would have been cumulative of other corroborating evidence. Chae Kyun Kim and Young Kim testified that the victim made threats that he was going to kill everybody (R. at 705, 752). Both of these witnesses also testified that the Applicant yelled "stop!" before shooting the victim. (R. at 704, 757). There was also testimony from Chae Kyun Kim that he saw the victim reach for something inside his trunk, and from Young Kim that he saw the victim opening

his trunk. (R. at 702, 745–6). Moreover, Ann Farmer, an investigator with the De-Kalb County District Attorney's Office, testified that she examined the victim's car and found a bullet hole on the inside of the trunk. (R. at 360.) Finally, the Applicant's counsel advised the Supreme Court of Georgia in his statement of facts both that the victim made threats and that the trunk was open. (R. at 1098). Corroborating that the trunk was open with evidence that the bullet hole entered the inside of the trunk would have been cumulative of all of this evidence. That trial counsel was constitutionally ineffective for failing to present this cumulative evidence would have been a weak argument on appeal, and the Applicant has not shown that there is a "reasonable probability that, but for counsel's failure [to raise the 'trunk issue' on appeal] ..., the result of the proceeding [appeal] would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Thus, the State habeas

corpus court's conclusion was not "an unreasonable determination of the facts," especially "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

This Court finds that the State habeas corpus court's decision also was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

**PART FIVE CONCLUSION**

For the reasons stated above,

**IT IS HEREBY RECOMMENDED** that Chu Young Yi's Application for a Writ of Habeas Corpus [Docs. 1, 11] be **DENIED.**

**IT IS SO RECOMMENDED,** this 12th day of March, 2001.